#24279-a-SLZ

**2007 SD 43**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

JERALD ZUBKE,                                    Plaintiff and Appellant,

   v.

MELROSE TOWNSHIP,
GRANT COUNTY, SOUTH DAKOTA,          Defendants and Appellees.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
GRANT COUNTY, SOUTH DAKOTA

* * * *

HONORABLE ROBERT L. TIMM
Judge

* * * *

WILLIAM E. COESTER                    Attorney for plaintiff
Milbank, South Dakota                 and appellant.

WILLIAM C. GARRY of
Cadwell, Sanford, Deibert & Garry     Attorneys for defendants
Sioux Falls, South Dakota             and appellees.

* * * *

CONSIDERED ON BRIEFS
ON MARCH 19, 2007

OPINION FILED **04/25/07**

#24279

ZINTER, Justice

[¶1.] Melrose Township lowered its tax levy at its annual meeting. After being informed of the ramifications of the reduction, a special meeting was held to reconsider. Upon reconsideration, the levy was raised to the original amount. Jerald Zubke appealed the township's reconsideration. The circuit court dismissed, and Zubke appeals. We affirm.

## Facts and Procedural History

[¶2.] Melrose Township held its annual meeting on March 7, 2006. Those present at that meeting voted to reduce the tax levy from $20,000 to $10,000. The voters were apparently unaware of SDCL 10-13-35, which limited future annual increases in tax levies after a levy had been reduced.[1] After the meeting, the

---

1. SDCL 10-13-35 provides in part:

   For taxes payable in 1997, and each year thereafter, the total amount of revenue payable from taxes on real property within a taxing district, excluding the levy pursuant to §10-13-36, may increase no more than the lesser of three percent or the index factor, as defined in §10-13-38, over the amount of revenue payable from taxes on real property in the preceding year, excluding the amount of taxes levied pursuant to §10-13-36. After applying the index factor, a taxing district may increase the revenue payable from taxes on real property above the limitations provided by this section by the percentage increase of value resulting from any improvements or change in use of real property, annexation, minor boundary changes, and any adjustments in taxation of property separately classified and subject to statutory adjustments and reductions under chapters 10-4, 10-6, 10-6A, and 10-6B, except §10-6-31.4, only if assessed the same as property of equal value. A taxing district may increase the revenue it receives from taxes on real property above the limit provided by this section for taxes levied to pay the principal, interest, and redemption charges on any bonds issued after January 1, 1997, which are subject to referendum, scheduled payment increases on bonds and for a levy directed by the order of a

   (continued . . .)

-1-

Township Clerk spoke with the Grant County Auditor, who informed the clerk of the ramifications of SDCL 10-13-35. The clerk then informed the township supervisors. Once apprised of this statute and the time it would take to return the levy to its former level, a petition was circulated to reconsider the vote by which the levy was reduced.

[¶3.]        On April 10, 2006, a special meeting was held to reconsider. Only those voters who participated in the initial meeting were allowed to vote on the motion to reconsider. Following a successful vote to reconsider, the levy was returned to $20,000 by the township voters who were present at the special meeting.[2]

[¶4.]        On April 11, 2006, the township certified the $20,000 levy to the Grant County Auditor, and the levy was accepted. Zubke appealed the April 10th reconsideration and the April 11th certification. Zubke now appeals the circuit court's dismissal, which raises the issue:

> Whether Melrose Township lawfully reconsidered the levy made on March 7, 2006, at a special meeting held on April 10, 2006.

**Decision**

_____

(. . . continued)
        court for the purpose of paying a judgment against such taxing district.

2.    Although Zubke contends there is a factual conflict concerning the voting, the circuit court specifically found that only those persons who attended the annual meeting were allowed to vote on the motion to reconsider.

#24279

[¶5.]    Zubke argues that the reconsideration and certification were unlawful because the relevant statutes: 1) prohibited a motion to reconsider from being made more than one month after passage of the original motion; 2) prohibited raising a tax levy at a meeting other than the annual meeting; and 3) prohibited certification of a tax levy more than ten days after the last Tuesday in March.  These arguments raise questions of statutory interpretation, which are reviewed de novo.  Anderson v. City of Tea, 2006 SD 112, ¶5, 725 NW2d 595, 597.

*Time for Reconsideration*

[¶6.]    Zubke first argues that SDCL 8-3-10 prevented the township from reconsidering the tax levy at any time other than the original meeting.  SDCL 8-3-10 governs the time for reconsideration of votes taken at township meetings:

> At the opening of every township meeting the moderator shall state the business to be transacted, and the order in which it shall be entertained, and no proposition to vote a tax shall be acted on out of the order of business as stated by the moderator, and *no proposition to reconsider any vote shall be entertained unless such proposition to reconsider is made within one hour from the time such vote was passed,* **or** *the motion for such reconsideration is sustained by a number of voters equal to a majority of all the names entered upon the poll list at such election up to the time such motion is made*; and all questions upon motions made shall be determined by a majority of the voters voting; and the moderator shall ascertain and declare the result of the votes on each question.

(Emphasis added.)  Focusing on the one-hour limitation in this statute, Zubke contends that the motion to reconsider at the subsequent special meeting was unlawful because it occurred more than one hour after the original vote.[3]

---

3.    Zubke also cites Robert's Rules of Order as authority for the proposition that reconsiderations must be made during the same meeting as the original
(continued . . .)

-3-

[¶7.]     However, Zubke's focus on the one-hour limiting language in SDCL 8-3-10 overlooks the fact that the statute is written in the alternative. The statute plainly provides that motions may be reconsidered within an hour "*or* [if] the motion. . . is sustained by a number of voters equal to a majority of all the names entered upon the poll list. . . ." *Id.* (emphasis added). Because the Township followed this alternative method of reconsideration, we conclude that the reconsideration conducted at the subsequent meeting was timely.[4]

*Reconsideration of Tax Levies-At Meetings Other Than the Annual Meeting*

[¶8.]     Zubke next argues that SDCL 8-3-2(8) and SDCL 8-3-5 did not allow the tax levy decision to be made at any meeting other than the annual meeting. SDCL 8-3-2(8) authorizes a township to set the tax levy at the annual meeting:

> The voters of each organized civil township have power at their annual meeting. . .
>
> (8) To vote to raise by taxation such sums as they may deem expedient for authorized township purposes, but the aggregate of such sums shall not exceed the limit of tax levy prescribed by this code.

Because this statute only refers to the annual meeting, Zubke contends that the reconsideration of a tax levy at a subsequent special meeting was unlawful. We disagree.

_____

(. . . continued)
      motion. However, Zubke has not cited any authority making those rules binding on townships. He further concedes that Melrose Township had not adopted those rules.

4.     Zubke also argues that the alternative method must be used at the same meeting. However, he cites no authority for his contention. Moreover, the
                                                                    (continued . . .)

#24279

[¶9.]     In this case, the voters of Melrose Township followed the statute by "rais[ing] by taxation such sums as they [deemed] expedient" at the March 7, 2006 annual meeting.  SDCL 8-3-2(8).  Furthermore, SDCL 8-3-10 does not limit motions to reconsider to matters other than taxation.  Therefore, SDCL 8-3-10 authorized the township voters to reconsider their initial tax levy decision at the April 10, 2006 special meeting.  Zubke's contention would have merit only if no tax levy had been set at the annual meeting.  However, that did not occur in this case.  Here, the tax levy was *initially set* at the annual meeting, and therefore, SDCL 8-3-10 authorized the township to *reconsider* the tax levy at the subsequent special meeting.

[¶10.]     Zubke also argues that the notice of the special meeting was insufficient to "set" the tax levy at the special meeting.  SDCL 8-3-5 governed the notice required for township special meetings.  It provided in relevant part that:

> Every notice given for a special township meeting shall specify the purpose for which it is to be held, and no business shall be transacted at such meeting except such as is specified in such notice.

*Id.*

[¶11.]     Zubke specifically contends that because the notice of the special meeting indicated that the purpose of the meeting was "reconsidering the motion for a tax call," there was no notice that the tax levy might be set at $20,000.  We disagree with this semantical argument.

_____

(. . . continued)
      text of the statute does not suggest that the alternative method must be utilized at the same meeting.

-5-

[¶12.]     In this case, the notice of a special meeting indicated that the purpose of the special meeting was the reconsideration of the initial tax decision.  We believe that this notice gave fair warning of the purpose of the special meeting, whether one wishes to label the purpose of that meeting as reconsidering the motion to set the original levy or simply resetting the initial tax levy.  Therefore, the notice was sufficient to allow a change in the tax levy at the special meeting.

*Certification of the Tax Levy*

[¶13.]     Zubke finally argues that the April 11th certification was too late.  He contends that certification of the tax levy was not allowed more than ten days after the last Tuesday in March.  Although Zubke acknowledges that SDCL 10-12-7[5] authorized tax levies to be certified by October 1st of each year, he contends that statute was limited by SDCL 10-12-26,[6] which provided that certifications must occur within ten days of the last Tuesday in March following the annual meeting.

---

5.     SDCL 10-12-7 provided in part:

> All county, township, municipal, sanitary district, and school taxes, except special assessments in municipalities, shall be levied or voted in specific amounts of money required and within the limitations fixed by law.  The amount of such levies made by any of such taxing districts except counties shall be certified to the county auditor of the county by the clerk or corresponding officer of the taxing district on or before the first day of October of each year and such certificates shall be filed by such auditor as permanent records of his office and be open to public inspection at all times.

6.     SDCL 10-12-26 provided in part:

> On the last Tuesday in March of each year, or within ten days thereafter, the board of supervisors of each organized civil township shall levy the annual taxes for the ensuing year, as voted at the annual town meeting, and immediately thereafter

(continued . . .)

[¶14.]        Zubke's argument requires us to interpret two conflicting statutes. "[W]here statutes appear to conflict, it is our responsibility to give reasonable construction to both, and if possible, to give effect to all provisions under consideration, construing them together to make them 'harmonious and workable.'" Wiersma v. Maple Leaf Farms, 1996 SD 16, ¶4, 543 NW2d 787, 789 (quoting Whalen v. Whalen, 490 NW2d 276, 280 (SD 1992)).  Furthermore, "[w]e should not adopt an interpretation of a statute that renders the statute meaningless when the Legislature obviously passed it for a reason."  Peterson, ex rel. Peterson v. Burns, 2001 SD 126, ¶30, 635 NW2d 556, 567-568 (citing Faircloth v. Raven Ind. Inc., 2000 SD 158, ¶9, 620 NW2d 198, 202).

[¶15.]        If we were to accept Zubke's argument that SDCL 10-12-26 controls in all circumstances, it would render both SDCL 10-12-7 and SDCL 8-3-10 meaningless.  If the certification must always occur within ten days of the last Tuesday in March, the October deadline referred to in SDCL 10-12-7 and the authorization to reconsider previous actions referred to in SDCL 8-3-10 would have no meaning.  On the other hand, a harmonious interpretation of the statutes, which would give effect to all, would require that when a levy is set at the annual meeting and is not reconsidered, the "ten days after the last Tuesday in March" deadline for certification applies.  However, when a levy is reconsidered under SDCL 8-3-10, such that the "ten days after the last Tuesday in March" deadline cannot be met,

_____

(. . . continued)
        the township clerk shall certify to the county auditor the amounts of such levies. . . .

then the October 1st deadline applies.  This is the only interpretation that gives effect to all of the statutes.

[¶16.]      Affirmed.

[¶17.]      GILBERTSON, Chief Justice, and SABERS, KONENKAMP, and MEIERHENRY, Justices, concur.