#25425-a-SLZ

**2010 SD 46**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

EDWARD D. THURMAN,                                    Claimant and Appellant,

v.

ZANDSTRA CONSTRUCTION,                               Employer and Appellee,

and

GENERAL CASUALTY,                                    Insurer and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT
OF THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE MERTON B. TICE, JR.
Judge

\* \* \* \*

MICHAEL J. SIMPSON of
Julius & Simpson, LLP                                Attorneys for claimant
Rapid City, South Dakota                             and appellant.

MICHAEL S. McKNIGHT
CHARLES A. LARSON of
Boyce, Greenfield, Pashby & Welk, LLP
Sioux Falls, South Dakota                            Attorneys for appellees.

\* \* \* \*

CONSIDERED ON BRIEFS
ON APRIL 26, 2010

OPINION FILED **06/16/10**

#25425

ZINTER, Justice.

[¶1.]       Following a work-related injury, Edward D. Thurman's employer and insurer (collectively referred to as Employer) paid Thurman workers' compensation benefits. Almost four years after the last payment, Thurman petitioned the Department of Labor for additional benefits arising from the same injury. The Department and circuit court granted summary judgment in favor of Employer. Both concluded that Thurman's petition was untimely under a statute of limitations barring additional claims filed more than three years after the Employer's last payment. Thurman appeals, arguing that under a different statute of limitations, his time to file the claim was extended for two years following Employer's letter denying the claim. We disagree and affirm the circuit court.

*Facts and Procedural History*

[¶2.]       The facts are not disputed. Thurman suffered a work-related injury on September 24, 1999. On January 28, 2002, Employer paid Thurman $6,708 in permanent partial disability benefits. Thurman received his last medical treatment on June 1, 2004, and Employer made its last payment for medical benefits on June 29, 2004. Employer paid no further benefits associated with this injury.

[¶3.]       In February 2007, Thurman contacted Employer and requested additional benefits for medical services he received between April 7, 2003, and June 18, 2004. Employer did not pay the additional benefits. On May 2, 2008, Employer sent Thurman and the Department a letter formally indicating that Thurman's request was denied because there "was no connection between [Thurman's

-1-

compensable work-related] injury and the treatment in 2003 and 2004."[1]  On June 20, 2008, Thurman petitioned the Department for a hearing to obtain the additional benefits.

[¶4.]     Employer opposed the petition, asserting that it was barred under the statute of limitations in SDCL 62-7-35.1.  SDCL 62-7-35.1 provides that when:

> [B]enefits have been tendered . . . on account of an injury, any claim for additional compensation shall be barred, unless the claimant files a written petition for hearing . . . with the department within *three years from the date of the last payment* of benefits.

(Emphasis added.)[2]  Employer pointed out that Thurman did not petition for additional benefits until more than three years after Employer's last payment of benefits.

[¶5.]     Thurman argued that the statute of limitations in SDCL 62-7-35 applied.  That statute provides:

> The right to compensation under this title shall be forever barred unless a written petition for hearing . . . is filed by the claimant with the department *within two years after the . . . insurer notifies the claimant and the department, in writing, that it intends to deny coverage*[.]

---

1.    The letter also provided the following form language: "according to SDCL 62-7-35; the right to compensation under this Title shall forever be barred unless a written request for hearing pursuant to SDCL 62-7-12 is filed by the claimant with the department of labor within two years after the insurer notifies the claimant and the department of labor, in writing, that it intends to deny coverage in whole or in part."

2.    SDCL 62-7-35.1 contains an exception when a claimant experiences a change in condition under SDCL 62-7-33.  That exception does not apply in this case.

SDCL 62-7-35 (emphasis added).  Thurman pointed out that he petitioned the Department for benefits within two years after he received the Employer's letter notifying him that his claim for additional benefits was denied.

[¶6.]     Both parties moved for summary judgment.  The Department granted Employer's motion, concluding that SDCL 62-7-35.1 applied.  The Department reasoned: "The final payment of benefits was paid on June 29, 2004.  At that time, the claim had not been denied and therefore the three year statute of limitations . . . in SDCL 62-7-35.1 applied."

[¶7.]     Thurman appealed to circuit court.  The circuit court agreed that SDCL 62-7-35.1 applied.  The court further ruled that SDCL 62-7-35 did not apply because Thurman's petition for additional benefits was already barred at the time the denial letter was sent.  The court reasoned:

> The purpose of [SDCL 62-7-35,] the two-year statute of limitations[,] for denied claims is not to subsequently revive claims already long dead.  The denial letter, sent after the three year statute of limitations, does not extend the statute of limitations and such is not the purpose of SDCL 62-7-35.

*Decision*

[¶8.]     There is no dispute that Thurman's claim was barred if SDCL 62-7-35.1 applies because Thurman failed to petition for the additional benefits within three years of Employer's last payment.  Thurman, however, argues that because he received a denial letter, SDCL 62-7-35 applies, giving him two additional years to file a petition.  The interpretation and application of these statutes presents a question of law that we review de novo.  *Faircloth v. Raven Indus.*, 2000 SD 158, ¶ 4, 620 NW2d 198, 200.

[¶9.]     This Court previously considered the application of these statutes. In *Faircloth,* the claimant was injured on July 1, 1996, and the employer paid its last workers' compensation benefits in September 1996. In November 1996, employer sent a denial letter stating that further benefits were denied and that claimant had two years to file a petition with the Department. Claimant received her last medical benefit payment in January 1997. Claimant petitioned for additional benefits in May 1999. At that time, the claim was barred by the two-year denial-letter statute (SDCL 62-7-35), but it was not barred by the three-year payment of last claim statute (SDCL 62-7-35.1). The question in *Faircloth* was which statute applied. The employer argued that SDCL 62-7-35's two-year limitation applied because employer had given written notice denying the claim. The claimant argued that SDCL 62-7-35.1's three-year limitation applied because the employer had initially provided but later stopped paying benefits.

[¶10.]     In reconciling these statutes, we noted, "[w]here two statutes appear to conflict, it is our duty to reasonably interpret both, giving 'effect, if possible, to all provisions under consideration, construing them together to make them harmonious and workable.' These statutes can be harmonized." *Faircloth,* 2000 SD 158, ¶¶ 7-8, 620 NW2d at 201 (citations omitted). We concluded that each statute addresses a different situation, and they apply as follows:

> SDCL 62-7-35 provides the limitations period when an employer gives formal notice that it denies or disputes an employee's claim. . . . This statute places a two-year limit on claims that are formally denied. Conversely, SDCL 62-7-35.1 furnishes the limitations period when the employer provides the employee with benefits for a period of time, gives no denial notice, and then the matter lies inactive. In the latter circumstance . . . the longer three-year period is warranted because the triggering

> event under SDCL 62-7-35.1 is simply a cessation of benefits
> without notice of a dispute.

*Id.* ¶ 8, 620 NW2d at 201. We held that the two-year statute (SDCL 62-7-35)

applied in *Faircloth* because that employer sent a formal denial letter.

[¶11.] Thurman relies on that holding, arguing that despite Employer's

cessation of benefits for more than three years, Employer's denial letter triggered

application of SDCL 62-7-35, giving him two additional years to petition for the

benefits. Thurman reads *Faircloth* to mean that whenever an employer sends a

denial letter – even after the claim is barred by the three-year statute of limitations

in SDCL 62-7-35.1 – SDCL 62-7-35 applies, effectively reviving the claim. Thurman

focuses on *Faircloth's* language that a claimant has two years to file a claim "when

an employer gives formal notice that it denies or disputes an employee's claim[.]"

*See Faircloth*, 2000 SD 158, ¶ 8, 620 NW2d at 201. We disagree with Thurman's

extension of *Faircloth's* language to the facts of this case. *Faircloth* did not address

a case like this where an employer stops benefits, the claimant's case remains

inactive for more than three years without a denial letter, the employer

subsequently sends a denial letter, and the claimant then files a petition with the

Department more than three years after the last payment of benefits.

[¶12.] Thurman's reliance on *Faircloth* and SDCL 62-7-35 overlooks the fact

that the three-year period to file a petition under SDCL 62-7-35.1 had already

expired when Employer sent its denial letter. The expiration of the three-year

period is dispositive. *Faircloth* made clear that when an employer has made no

payment for three years, SDCL 62-7-35.1 applies "because the triggering event

under SDCL 62-7-35.1 is simply a cessation of the benefits without [the employer providing] notice of the dispute." 2000 SD 158 ¶ 8, 620 NW2d at 201.

[¶13.]       Thurman's argument would also repeal SDCL 62-7-35.1 by implication. After all, many claimants seeking additional benefits after the three-year statute has expired will receive a denial letter from the employer. Under Thurman's interpretation, there would be no statute of limitations because that letter informing the claimant that the statute of limitations had expired would revive the already barred claim no matter how many years had passed since the last payment of benefits. Such an interpretation "cannot be reconciled with the cardinal rule of statutory construction: repeal by implication is strongly disfavored." *See Faircloth*, 2000 SD 158, ¶ 10, 620 NW2d at 202. We also agree with the circuit court's observation that "[t]he purpose of SDCL [62-7-35's two-year] statute of limitations for denying claims is not to subsequently revive claims already long dead." Yet this is precisely the effect of Thurman's interpretation. We conclude that when an employer sends a denial letter after the three-year period of limitations in SDCL 62-7-35.1 has expired, the letter does not start the running of a new two-year period of limitations under SDCL 62-7-35.

[¶14.]       Thurman, however, suggests that if Employer wanted to preserve its statute of limitations defense, it should have "simply called" Thurman (as opposed to sending a letter), informing him that Employer would not provide further benefits. Thurman also suggests that Employer could have notified Thurman but declined to notify the Department of the denial. Thurman points out that SDCL 62-7-35 applies only when the notification of denial is provided in writing and only

when the notification is also provided to the Department. Therefore, Thurman suggests that if employers would utilize a phone call (as opposed to a letter), or if they would decline to notify the Department of the denial, the employers' informal contacts would not trigger the two additional years under SDCL 62-7-35 and claims like Thurman's would be time-barred under SDCL 62-7-35.1. We view these suggestions as gamesmanship that is contrary to the purpose of the workers' compensation system.[3]

[¶15.] Employer did not send a denial letter and Thurman did not petition the Department within three years of Employer's last payment of benefits. Therefore, Thurman's claim for additional benefits was governed by SDCL 62-7-35.1. Employer's subsequent denial letter did not trigger a new statute of limitations under SDCL 62-7-35. Because Thurman did not petition for the additional benefits within SDCL 62-7-35.1's three-year period of limitations, his claim was barred.

[¶16.] GILBERTSON, Chief Justice, and KONENKAMP, MEIERHENRY, and SEVERSON, Justices, concur.

---

3. For example, SDCL 62-6-3 requires insurance companies to investigate injuries and issue written denials or acceptances of claims promptly after notification of the injury.