#25654-a-SLZ

**2010 S.D. 102**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STEVEN WEST #34271,                                      Petitioner and Appellant,

v.

ROBERT DOOLEY, Warden,
Mike Durfee State Prison,                                Respondent and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
DEUEL COUNTY, SOUTH DAKOTA

* * * *

HONORABLE TIM D. TUCKER
Judge

* * * *

CHRIS S. GILES of
Ericsson & Giles, LLP
Madison, South Dakota                    Attorneys for petitioner
                                         and appellant.


MARTY J. JACKLEY
Attorney General

MAX A. GORS
Special Assistant Attorney General
Department of Corrections
Pierre, South Dakota                     Attorneys for respondent
                                         and appellee.


* * * *

CONSIDERED ON BRIEFS
ON NOVEMBER 16, 2010

OPINION FILED **12/29/10**

ZINTER, Justice

[¶1.]        Steven West petitioned for a writ of habeas corpus challenging the

Department of Correction's calculation of the time he must serve on two consecutive

sentences.  The dispute involves the manner of calculating good-conduct credit

under SDCL 24-5-1.  The habeas court affirmed the Department's calculation,

which applied the statutory formula to each sentence separately.  West appeals,

arguing that the total time to be served under both sentences should be aggregated

before applying the statute.  We affirm the Department's calculation.

*Facts and Procedural History*

[¶2.]        On July 1, 1998, Steven West was sentenced to 7½ years in the state

penitentiary for sexual contact with a child (his "first sentence").  On the same day,

he was sentenced to 7½ years for sexual contact with another child (his "second

sentence").  The second sentence was to run consecutively to the first.

[¶3.]        West is an "old-system" inmate because his offenses were committed

before July 1, 1996.  *See* SDCL 24-15A-1.  As an old-system inmate, West was

entitled to a reduction of his sentences for good conduct (colloquially referred to as

"good time") under SDCL 24-5-1.  That statute provides that an inmate's sentence

will be reduced four months per year for good conduct during the first nine years of

the "sentence" and six months per year during the tenth year and each succeeding

year of the "sentence."  The statute provides:

> Every inmate sentenced for any term less than life, or who has
> had an indeterminate sentence set at a term of years, or who
> has had a life sentence commuted to a term of years, and subject
> to the provisions of §§ 24-2-17 and 24-2-18, is entitled to a
> deduction of four months from his or her sentence for each year
> and pro rata for any part of a year for the first year to the tenth,

and six months for the tenth year and for each year thereafter until the expiration of the period of the sentence as pronounced by the court, for good conduct.

SDCL 24-5-1.

[¶4.] The Department calculated West's total time to serve by allowing good-time credit of 2½ years on each 7½-year sentence. The Department's calculation was as follows:

| | |
|---|---|
| First Sentence: | 7½ years X 4 months/year = 30 months<br>30 months/12 = 2½ years<br>7½ years – 2½ years = 5 years to serve |
| Second Sentence: | 7½ years X 4 months/year = 30 months<br>30 months/12 = 2½ years<br>7½ years – 2½ years = 5 years to serve |
| Total time to serve: | 5 years + 5 years = 10 years |

Under this calculation, West completed serving his first 7½-year sentence on May 14, 2003.[1] West then commenced serving his second sentence. Allowing 2½ years good-time credit on the second 7½-year sentence, the Department determined that West would complete serving his second sentence on May 14, 2008.

[¶5.] West contended that his good-time credit should have been calculated by adding his 7½-year sentences together before applying SDCL 24-5-1. In other words, West contended that the separate sentences should be aggregated to a total of fifteen years before the statutory formula was applied. West proposed a calculation as follows:

---

1. This date is less than five years from the date of sentencing because West had additional credits for pre-sentencing time served and a partial commutation.

First Sentence of 7½ years + Second Sentence of 7½ years = 15 years
9 years X 4 months/year = 36 months
6 years X 6 months/year = 36 months
36 months + 36 months = 72 months
72 months/12 = 6 years good time

Total time to serve:  15 years – 6 years good-time credit = 9 years

Under West's calculation, he would have completed serving both sentences in nine years, one year earlier than under the Department's calculation.

[¶6.]     The habeas court concluded that "SDCL 24-5-1 does not have aggregation language," and that the court should not supply words that the Legislature did not include in the statute.  Statutory interpretation is a matter of law that this Court reviews de novo.  *In re B.Y. Dev. Inc.*, 2010 S.D. 57, ¶ 7, 785 N.W.2d 296, 299.

*Decision*

[¶7.]     West relies on *Anderson v. S.D. Bd. of Pardons and Paroles*, 1999 S.D. 41, 590 N.W.2d 915, for the proposition that consecutive sentences are to be added together and good time is to be calculated on the aggregate time to serve.  Our reading of *Anderson* dictates the opposite conclusion.

[¶8.]     In *Anderson,* the defendant received consecutive sentences of seven years and five years, and he was ordered to serve the seven-year sentence first. Anderson was later paroled, but his parole was subsequently revoked.  In the revocation proceeding, the parole board initially revoked the twenty-eight months of good time that Anderson had acquired on the seven-year sentence.  The board later amended its order and revoked the twenty months of good time that he had acquired on the five-year sentence.  *Id.* ¶ 5, 590 N.W.2d at 916.  Anderson appealed,

arguing that he had completed the five-year sentence and good time could not be revoked from a completed sentence. *Id.* ¶ 7, 590 N.W.2d at 916.

[¶9.]     In resolving that issue, this Court held that the parole board was authorized to revoke the good time on both sentences. We stated that the parole board was correct in its original revocation of the twenty-eight months of good time relating to Anderson's seven-year sentence, and the board was also correct in revoking the twenty months of good time relating to his five-year sentence. *Id.* ¶ 11, 590 N.W.2d at 917. Notably, this holding acknowledged that the good time was calculated separately on each sentence.

[¶10.]     West, however, relies on two other statements in the *Anderson* analysis. *Anderson* stated that aggregation "is reflected in SDCL 24-15-7 . . . which require[s] the time to be served for consecutive sentences to be added together to determine parole eligibility." *Id.* ¶ 10, 590 N.W.2d at 917. West also notes that *Anderson* cited *Grant v. Hunter*, 166 F.2d 673, 674 (10th Cir. 1948), for the proposition that with respect to good time, "the imprisonment of one serving consecutive sentences is considered a single term, consisting of the aggregate of such sentences for the purpose of computing good time allowance." *Id.* ¶ 9, 590 N.W.2d at 917. West argues that by these statements "[t]his Court appeared to be giving an indication . . . that SDCL 24-5-1 should be interpreted to have good time calculated on the aggregate term similar to the way parole is calculated." We disagree for two reasons.

[¶11.]     First, *Anderson's* language describing SDCL 24-15-7 has no relevance here. SDCL 24-15-7 is a parole eligibility statute rather than a statute governing

the calculation of good time. Second, although *Anderson* cited aggregation language from *Grant*, *Grant* is a federal case applying a federal statute specifically requiring that consecutive sentences be added together for calculating good time. SDCL 24-5-1 does not have aggregation language found in the federal statute[2] or SDCL 24-15-7.[3] For these reasons, West's cited language from *Anderson* does not apply to today's issue involving the calculation of good-time credit under SDCL 24-5-1.

[¶12.]        Instead, *Anderson's* language supports the Department's calculation. *Anderson* observed that the defendant's good-time credits had been calculated separately for each sentence (twenty-eight months for the first seven-year sentence and twenty months for the second five-year sentence). We indicated that separate good-time calculations "explain[] the difference between the twenty-eight months of good time applicable to Anderson's seven[-]year sentence and the twenty months of

---

2.    At the time *Grant* was decided, the portion of the federal statute dealing with the calculation of good time provided: "When two or more consecutive sentences are to be served, the aggregate of the several sentences shall be the basis upon which the deduction shall be computed." 18 U.S.C.A. § 4161 (*repealed by* Pub.L. 98-473, Title II, § 218(a)(4), Oct. 12, 1984, 98 Stat. 2027).

3.    SDCL 24-15-7 provides:

> In the determination of an inmate's eligibility for consideration for parole, two or more convictions arising from the same transaction, for which the sentences are made to run consecutively, shall be considered as one conviction. Two or more sentences arising from different transactions for which the sentences are made to run consecutively shall be considered as separate convictions. In determining the eligibility date for a person receiving two or more sentences which are made to run consecutively, the sentences shall be added together and the total number of convictions shall then determine the total amount of time to be served before becoming eligible for consideration for parole subject to the provisions of § 24-15-5.

good time applicable to his five[-]year sentence." *Id.* ¶ 5 n.3, 590 N.W.2d at 916 n.3 (citing SDCL 24-5-1). We added: "The good time related to a *particular* sentence is calculated according to the duration of *that* sentence." *Id.* (emphasis added). Thus, *Anderson* impliedly recognized that good-time credit is calculated separately for each particular sentence.

[¶13.] West finally argues that SDCL 24-5-1 should not require separate calculations on each sentence simply because the statute refers to reducing a "sentence" rather than the "sentences." West notes that SDCL 2-14-6 provides that "[w]ords used in the singular number include the plural, and the plural, the singular, except where a contrary intention plainly appears." But linguistically, SDCL 24-5-1 does not make sense if the word "sentence" is simply changed from singular to plural the four times it appears in the statute. Moreover, if aggregation had been intended, the Legislature would have used aggregation language. For example, the Legislature specifically stated that consecutive sentences should be "added together" in calculating parole eligibility under SDCL 24-15-7. *See supra* note 3. But the Legislature did not use any similar language suggesting aggregation in SDCL 24-5-1.

[¶14.] "In interpreting legislation, this Court cannot add language that simply is not there." *City of Deadwood v. Gustafson Family Trust*, 2010 S.D. 5, ¶ 9, 777 N.W.2d 628, 632. *See also State v. Koerner*, 1999 S.D. 161, ¶ 9, 603 N.W.2d 718, 722 ("[This Court] cannot pose as legislators to amend a statute to read what it plainly does not say."). Because there is no aggregation language in SDCL 24-5-1, we affirm.

#25654

[¶15.] GILBERTSON, Chief Justice, and KONENKAMP, MEIERHENRY, and, SEVERSON, Justices, concur.