#26717-a-GAS

**2013 S.D. 82**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

DARIN SCHUELKE,                                        Claimant and Appellant,

    v.

BELLE FOURCHE
IRRIGATION DISTRICT,                              Employer and Appellee,

    and

FIRST DAKOTA
INDEMNITY COMPANY,                            Insurer and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SIXTH JUDICIAL CIRCUIT
HUGHES COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE MARK BARNETT
Judge

* * * *

MICHAEL J. SIMPSON
Julius & Simpson, LLP
Rapid City, South Dakota                     Attorneys for claimant
                                              and appellant.

CHARLES A. LARSON
Boyce, Greenfield, Pashby & Welk, LLP
Sioux Falls, South Dakota                    Attorneys for employer, insurer
                                              and appellees.

* * * *

CONSIDERED ON BRIEFS
ON NOVEMBER 4, 2013

OPINION FILED **11/26/13**

#26717

SEVERSON, Justice

[¶1.]        Darin Schuelke suffered work-related injuries in 2000.  He filed a first report of injury on February 22, 2000.  The employer and insurer (collectively Employer) accepted Schuelke's claim as compensable and paid workers' compensation benefits.  Employer's last payment of benefits was on August 4, 2004.  Schuelke filed another first report of injury on October 5, 2009, based on the same injuries.  Employer denied benefits.  Schuelke filed a petition for hearing on December 20, 2010, with the Department of Labor & Regulation, Division of Labor & Management (Department).  The Department found that the three-year statute of limitations set forth in SDCL 62-7-35.1 barred Schuelke's claim.  The Sixth Circuit Court (circuit court) affirmed.  Schuelke appeals, arguing the cumulative trauma doctrine should prevent the application of SDCL 62-7-35.1 to this case.  The cumulative trauma doctrine does not change SDCL 62-7-35.1's application to this case because the cumulative trauma doctrine applies to the date of injury, which is irrelevant to SDCL 62-7-35.1.  We affirm.

## Background

[¶2.]        Schuelke began working for the Belle Fourche Irrigation District in 1988.  He started as a laborer and became a heavy equipment operator in 1991, a position he held as of the date of the hearing before the Department.  As a heavy equipment operator, Schuelke dug trenches using an excavator or trackhoe.  He used a backhoe when required.  Schuelke also performed shovel work from time to time, but estimated that ninety percent of his time was spent operating the trackhoe.  The trackhoe used joysticks in both hands to manipulate the machine.

-1-

[¶3.]       Schuelke claimed he had pain whenever he operated the trackhoe. He described the pain as going from the palm of his hand to the nerves in his elbow up into his shoulder. Eventually, he said, the pain turned to numbness. Schuelke first saw Dr. Dale Anderson in March of 1998 complaining of left wrist pain. Schuelke again saw Dr. Anderson on February 3, 2000, for pain and numbness in both upper extremities. Subsequent testing showed bilateral ulnar neuropathies at the elbow of a mild to moderate degree without more distal involvement. Testing also showed a mild left and moderate right median neuropathy at the wrist. Dr. Anderson recommended surgery.

[¶4.]       Schuelke filed a first report of injury on February 22, 2000. In that report, he listed the injured parts as wrist and elbow, and the date of injury as "accumulative." Schuelke then saw Dr. David Lang, an orthopedic surgeon, on March 7, 2000. Dr. Lang performed an endoscopic carpal tunnel release and ulnar nerve transposition of the left upper extremity on May 15, 2000, and a carpal tunnel release and ulnar nerve decompression of the right extremity on November 13, 2000. In addition to the surgeries, Schuelke received physical therapy and splinting.

[¶5.]       Over the next three years, Schuelke saw Dr. Anderson and Dr. Lang complaining of various pain, tingling, and numbness in his upper extremities. Schuelke had another surgery by Dr. Richard Little on March 5, 2002. After that surgery, Schuelke continued to have injury symptoms.

[¶6.]       Employer requested a medical evaluation by Dr. Thomas Brennan. On May 13, 2003, Dr. Brennan diagnosed: (1) bilateral ulnar neuropathies due to

entrapment at the elbow; (2) bilateral carpal tunnel syndrome, status post bilateral endoscopic carpal tunnel release; and (3) status bilateral cubital tunnel releases with subsequent left subcutaneous ulnar nerve transposition. Dr. Brennan recommended medication but was reluctant to refer Schuelke for surgery because the second elbow surgery made his symptoms worse. Dr. Brennan did not recommend any work restrictions but did diagnose a twenty-six percent upper extremity impairment due to his physical findings. Employer treated the claim as compensable and paid for all the medical treatment and the twenty-six percent impairment rating.

[¶7.] Schuelke followed up with Dr. Wayne Anderson on March 11, 2004. Dr. Anderson testified that after consulting with Schuelke, they decided to pursue no further treatments because Dr. Anderson did not think there were any good treatments available. On August 4, 2004, Schuelke received his last payment of benefits from Employer.[1] Over the next three years, Schuelke did not receive any medical treatment on his upper extremities. Schuelke did continue to work, despite his symptoms persisting.

[¶8.] On November 12, 2007, Schuelke resumed receiving medical attention related to pain and motion restrictions in his upper extremities. Over the next

---

1. Employer/Appellee lists the date of the last payment of benefits as August 9, 2004. For support, Employer has an affidavit from Scott Cook, Claims Examiner for First Dakota Indemnity Company. Department's findings of facts lists the date of the last payment of benefits as August 4, 2004. Either date, in this case, places the time between the date of the last payment of benefits and the date of filing a petition for hearing well outside the three years allowed by SDCL 62-7-35.1. The parties do not dispute there was more than a three-year gap.

several years, Schuelke saw various doctors for his upper extremities' symptoms. On October 5, 2009, Schuelke filed a second first report of injury form. Schuelke left the date and time blank and described the injury as "an occupational injury from CTS that was filed back in 2001 – ongoing problems – DOI: 2-22-00." Employer denied benefits, stating the statute of limitations barred them since Schuelke had not received any workers' compensation benefits for over three years.

[¶9.] Despite being denied benefits, Schuelke continued to seek medical attention and even underwent another surgery by Dr. Lang on May 25, 2010. Dr. Lang wrote a letter, saying Schuelke's current care is related to his original claim.[2] On August 5, 2011, Schuelke saw Dr. Christopher Dietrich. Dr. Dietrich noted that Schuelke had a longstanding history of upper extremity symptoms dating back to 2000. Ultimately, Dr. Dietrich diagnosed: (1) carpal tunnel syndrome—status post bilateral carpal tunnel release; (2) ulnar neuropathy—status post bilateral cubital tunnel release/transposition; (3) residual left ulnar nerve paresthesias/neuritis; and (4) bilateral wrist DJD. Dr. Dietrich stated that Schuelke's symptoms have accumulated over several years of work and are consistent with repetitive use injuries. Schuelke saw Dr. Dietrich again on September 15, 2011, for an impairment rating of his upper extremities. Dr. Dietrich rated a five percent upper

---

2.    The letter stated:

> I have been asked to document Darin Schuelke's relatedness and need for further treatment with regard to his right and left wrist surgery. Mr. Schuelke had bilateral wrist arthritis that has been documented to be work comp related as far back as the year 2000. His current care and need for further treatment on his left hand is related to this original claim.

extremity impairment of the right wrist and a three percent impairment of the left wrist. Dr. Dietrich also rated a three percent impairment of the right upper extremity for the ulnar nerve condition and a three percent impairment of the left upper extremity.

[¶10.] Schuelke filed a written petition for hearing on December 20, 2010, because Employer denied his second claim for workers' compensation benefits. On October 16, 2012, the Department found that SDCL 62-7-35.1 barred Schuelke's claim. The Department entered findings of fact and conclusions of law on November 5, 2012. The circuit court affirmed the Department's decision on May 28, 2013. Schuelke appeals, arguing the cumulative trauma doctrine should prevent the application of SDCL 62-7-35.1 to this case.

## Standard of Review

[¶11.] SDCL 1-26-37 governs this Court's standard of review in workers' compensation cases. Here, the material facts are not in dispute and the question is purely legal, therefore our review is de novo. *Thurman v. Zandstra Const.*, 2010 S.D. 46, ¶ 8, 785 N.W.2d 268, 270.

## Analysis

[¶12.] Employer argues that SDCL 62-7-35.1 bars Schuelke's second claim because more than three years passed between the date of the last payment of benefits and the date Schuelke filed a written petition for a hearing. Schuelke argues SDCL 62-7-35.1 should not apply to this case because his injuries are from cumulative trauma. The issue, then, is whether the cumulative trauma doctrine

prevents the application of SDCL 62-7-35.1. To address this issue, we start with the plain language of the statute. SDCL 62-7-35.1 provides:

> In any case in which any benefits have been tendered pursuant to this title on account of an injury, any claim for additional compensation shall be barred, unless the claimant files a written petition for hearing pursuant to § 62-7-12 with the department within three years from the date of the last payment of benefits. The provisions of this section do not apply to review and revision of payments or other benefits under § 62-7-33.

[¶13.] In interpreting statutes, we have consistently stated that the "[w]ords and phrases in a statute must be given their plain meaning and effect. When the language of a statute is clear, certain and unambiguous, there is no reason for construction, and the Court's only function is to declare the meaning of the statute as clearly expressed." *State v. Moss*, 2008 S.D. 64, ¶ 15, 754 N.W.2d 626, 631 (citations omitted).

[¶14.] We previously addressed SDCL 62-7-35.1's language in *Faircloth v. Raven Industries, Inc.*, 2000 S.D. 158, 620 N.W.2d 198. We stated: "SDCL 62-7-35.1 furnishes the limitations period when the employer provides the employee with benefits for a period of time, gives no denial notice, and then the matter lies inactive . . . . [T]he longer three-year period is warranted because the triggering event under SDCL 62-7-35.1 is simply a cessation of benefits without notice of a dispute." *Id.* ¶ 8. We again addressed SDCL 62-7-35.1's language in *Thurman*, 2010 S.D. 46, 785 N.W.2d 268. We reiterated its purpose as described in *Faircloth* and emphasized that "[t]he expiration of the three-year period is dispositive." *Id.* ¶ 12.

[¶15.] Applying the language of SDCL 62-7-35.1 to this case, we note that Employer provided benefits to Schuelke starting in February 2000. Employer paid

the last payment of benefits on August 4, 2004. No denial letter was sent at that time. The matter then went inactive and Schuelke did not receive any benefit payments from Employer. On November 17, 2007, Schuelke resumed receiving medical attention. Schuelke filed his second first report of injury form on October 5, 2009, describing the injury as ongoing problems from his first reported injury. He petitioned for a hearing on December 20, 2010. Most importantly, the time between the date of the last payment of benefits and the filing of a written petition for hearing was over six years, well past the three years SDCL 62-7-35.1 allows. Accordingly, SDCL 62-7-35.1 bars Schuelke's second claim for workers' compensation benefits.

[¶16.]     Nonetheless, Schuelke maintains that applying SDCL 62-7-35.1 to his case would be "nonsensical" because his injuries are from cumulative trauma. The cumulative trauma doctrine applies when no singular identifiable event causing the injury exists and the time of injury is gradual and therefore indeterminable. The doctrine merely recognizes "that an injury to be compensable under the Act is not required to have resulted from any sudden occurrence or accident but may be due to daily trauma or a daily aggravation of a pre-existing injury." *Firestone Tire & Rubber Co. v. Workmen's Comp. Appeal Bd.*, 396 A.2d 902, 904 (Pa. Commw. Ct. 1979) (citing *Hinkle v. H.J. Heinz Co.*, 337 A.2d 907 (Pa. 1975)) (additional citation omitted).

[¶17.]     With cumulative trauma, the date of injury is problematic. A definite time, however, must be determined. Professor Larson aptly explains why:

> Probably the underlying practical reason for insisting on a
> definite date [of injury] is that a number of important questions

cannot be answered unless a date of injury or accident is fixed, such as which employer and carrier is on the risk, whether notice of injury and claim are within the statutory period, whether statutory amendments were in effect, which wage base applies, and many others.

3 Larson's Workers' Compensation Law, § 50.01 (2010). In *Kuck v. Miller Structures*, Hughes Co. Civ. 00-80 (S.D. 6th Cir. Jan. 10, 2001), then-Judge Zinter with the circuit court reviewed several theories as to what the date of injury should be for cumulative trauma injuries. One theory sets the date of injury as the date on which the injury "manifests itself." *See* 3 Larson's Workers' Compensation Law, § 50.05 (2010); *Peoria Cnty. Belwood Nursing Home v. Indus. Comm'n*, 505 N.E.2d 1026, 1028-29 (Ill. 1987). Another theory sets the date of injury at "the onset of pain occasioning medical attention." *See* 3 Larson's Workers' Compensation Law, § 50.05 (2010). Both of those approaches, however, were criticized by the Kansas Supreme Court in *Treaster v. Dillon Co.*, 987 P.2d 325 (Kan. 1999):

If we were to adopt either the date on which the injury "manifests itself" or the date on which the injury is "diagnosed," we would set a potential trap for the individual who, despite pain and discomfort, continues to work long after his or her carpal tunnel is "diagnosed" or has "manifested itself." Those individuals would find their claims for compensation barred by the statute of limitations.

*Id.* at 330. So instead, the *Treaster* Court adopted a third theory that sets the date of injury as the last day worked: "It seems to us that we should adopt the rule that causes the least potential prejudice and upholds the spirit of our Workers Compensation Act. We believe use of the last day of work accomplishes both of those purposes." *Id.* (citing *Berry v. Boeing Military Airplanes*, 885 P.2d 1261, 1267-68 (Kan. Ct. App. 1994)). *See Bodily v. John Jump Trucking, Inc.*, 819 P.2d 1262,

1267-68 (Mont. 1991) (holding the date of injury for notice requirements was the date claimant could no longer work due to his physical condition); *Lawson v. Lear Seating Corp.*, 944 S.W.2d 340, 343 (Tenn. 1997) (holding that because no identifiable event existed and claimant suffered new trauma every day she worked that the date of injury was the last day she was able to work). Then-Judge Zinter agreed with the *Treaster* Court and applied to his case at hand the bright line rule "that sets the date of injury as the date a claimant is no longer able to work." *Kuck*, Hughes Co. Civ. 00-80, at 15. Schuelke argues that because in a cumulative trauma case the date of injury is legally deemed to be the last day worked, the statute of limitation set forth in SDCL 62-7-35.1 should not apply.

[¶18.] For support of his argument, Schuelke cites *Thiewes v. South Dakota Unified Judicial System*, HF No. 160, 2007/08, 2009 WL 1946484 (S.D. Dept. Lab. June 29, 2009). But in *Thiewes*, the only issue was the claimant's date of injury for purposes of determining his workers' compensation rate. *Id.* at \*1. The issue did not address SDCL 62-7-35.1 or the application of any statute of limitations. Schuelke also cites *Kuck* for support. *Kuck*, Hughes Co. Civ. 00-80. But in *Kuck*, the only issue was determining which employer would be liable for the claimant's current surgical need based on the claimant's date of injury. *Id.* at 7-8. The issue did not address SDCL 62-7-35.1 or the application of any statute of limitations. Schuelke also cites *Treaster*, 987 P.2d 325. But the issue in *Treaster* was the date of accident or occurrence and whether the employer was entitled to offset the workers' compensation award with the claimant's retirement benefits. *Id.* at 329. The issue

did not address the cumulative trauma doctrine's applicability to any statute of limitations.

[¶19.]     As Professor Larson, *Thiewes*, *Kuck*, and *Treaster* demonstrate, the date of injury is relevant in many situations. But the date of injury is not relevant to SDCL 62-7-35.1. Instead, the "date of the last payment of benefits" triggers the running of the statute of limitations under SDCL 62-7-35.1. And under SDCL 62-7-35.1, a claimant has three years from the date of the last payment of benefits to "file[ ] a written petition for hearing."

[¶20.]     Schuelke, however, attempts to make the date of injury relevant to SDCL 62-7-35.1.[3] He maintains that according to the bright-line rule in *Kuck*, his cumulative injuries have not yet occurred and benefits have therefore not yet been tendered on account of any injury. But this position is contrary to the reality of the situation—benefits have already been paid on account of an injury, whether it's cumulative or not. When those benefits ceased, Schuelke had three years from that point to file a written petition for hearing. When he did not, SDCL 62-7-35.1 barred his claim for additional compensation.

[¶21.]     *Thurman* demonstrates SDCL 62-7-35.1's application. 2010 S.D. 46, 785 N.W.2d 268. There, the employer stopped paying benefits and Thurman's case

---

3.     Schuelke has not provided authority holding that the cumulative trauma doctrine should be applied to SDCL 62-7-35.1. Thus, Employer argues that Schuelke waived the issue. SDCL 15-26A-60(6); *State v. Mattson*, 2005 S.D. 71, ¶ 49, 698 N.W.2d 538, 553 (citing *State v. Pellegrino*, 1998 S.D. 39, ¶ 22, 577 N.W.2d 590, 599). Schuelke has provided authority, though, as to the cumulative trauma doctrine. Since Schuelke is asking this Court to apply that doctrine to SDCL 62-7-35.1 as a matter of first impression, we address his argument.

went inactive for more than three years. The employer then sent a denial letter. Thurman then filed a petition with the Department more than three years after the last payment of benefits. Claimant argued that the denial letter extended his time to file a petition for two years, citing SDCL 62-7-35. We disagreed, stating "the three-year period to file a petition under SDCL 62-7-35.1 had already expired when Employer sent its denial letter. *The expiration of the three-year period is dispositive.*" *Id.* ¶ 12 (emphasis added). Ultimately, we held that "[b]ecause Thurman did not petition for the additional benefits within SDCL 62-7-35.1's three-year period of limitations, his claim was barred." *Id.* ¶ 15.

[¶22.] Like in *Thurman*, Schuelke did not petition for additional benefits within SDCL 62-7-35.1's three-year statute of limitations, therefore SDCL 62-7-35.1 bars his claim for additional compensation. Though *Thurman* did not address a cumulative injury, "expiration of the three-year period is dispositive." *Id.*

[¶23.] In *Thurman*, we also recognized that Thurman's argument would repeal SDCL 62-7-35.1 by implication. *Id.* ¶ 13. We stated that if a claimant received a denial letter after the three-year statute has expired, under Thurman's interpretation, there would be no statute of limitations because that letter would revive the already barred claim no matter how many years have passed. *Id.* We stated that Thurman's interpretation "cannot be reconciled with the cardinal rule of statutory construction: repeal by implication is strongly disfavored." *Id.* (quoting *Faircloth*, 2000 S.D. 158, ¶ 10, 620 N.W.2d at 202).

[¶24.] Likewise, Schuelke's argument would repeal SDCL 62-7-35.1 by implication. Under Schuelke's interpretation, though three years passed since the

date of the last payment of benefits, there would be no statute of limitations if the worker continues employment because the injury has not yet occurred. Schuelke's interpretation would repeal SDCL 62-7-35.1 by implication and leave it meaningless against cumulative trauma injuries when employment is continued. This Court "should not adopt an interpretation of a statute that renders the statute meaningless when the Legislature obviously passed it for a reason." *Zubke v. Melrose Twp.*, 2007 S.D. 43, ¶ 14, 731 N.W.2d 918, 922 (citing *Peterson, ex rel. Peterson v. Burns*, 2001 S.D. 126, ¶ 30, 635 N.W.2d 556, 567-68).

[¶25.]     Instead, we give "words and phrases in a statute . . . their plain meaning and effect." *Moss*, 2008 S.D. 64, ¶ 15, 754 N.W.2d at 631 (citations omitted). SDCL 62-7-35.1's language explicitly applies to "*any* case[,]" "*any* benefits[,]" and "*any* claim[.]" (Emphasis added.) If the Legislature intended otherwise, it would have included an exclusion for cumulative trauma injuries. But it did not. And we will not "add language that simply is not there." *West v. Dooley*, 2010 S.D. 102, ¶ 14, 792 N.W.2d 925, 928 (citations omitted). The duty was upon Schuelke to "file[ ] a written petition for hearing . . . within three years from the date of the last payment of benefits." SDCL 62-7-35.1. Because he did not, SDCL 62-7-35.1 bars his claim.

[¶26.]     SDCL 62-7-35.1 does contain an exception: "The provisions of this section do not apply to review and revision of payments or other benefits under § 62-7-33." Schuelke, however, has not sought a review and revision of benefits under SDCL 62-7-33. The exception, therefore, does not apply here.

## Conclusion

[¶27.] The cumulative trauma doctrine does not change SDCL 62-7-35.1's application because the cumulative trauma doctrine applies to the date of injury, which is irrelevant to SDCL 62-7-35.1. SDCL 62-7-35.1 bars Schuelke's second claim for workers' compensation benefits because more than three years passed between the date of the last payment of benefits and when Schuelke filed a written petition for a hearing. Affirmed.

[¶28.] KONENKAMP, ZINTER, and WILBUR, Justices, concur.

[¶29.] GILBERTSON, Chief Justice, deeming himself disqualified, did not participate.