Kent KARLEN, Richard J. Ackerson, and Thomas Schmitt, Appellees,

v.

William J. JANKLOW, Governor, State of South Dakota, Appellant.

No. 14034.

Supreme Court of South Dakota.

Considered on Briefs Sept. 12, 1983.

Decided Oct. 26, 1983.

Thomas P. Tonner, Aberdeen, for appellee, Kent Karlen.

Daniel R. Moen, Aberdeen, for appellee, Richard J. Ackerson.

William D. Gerdes, Aberdeen, for appellee, Thomas Schmitt.

Jon R. Erickson, Asst. Atty. Gen., Pierre, for appellant; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

FOSHEIM, Chief Justice.

This appeal is from a writ prohibiting the Governor from conducting a hearing pursuant to SDCL 3–17–3 concerning the removal of appellee police officers Kent Karlen, Richard J. Ackerson, and Thomas Schmitt from the Aberdeen, South Dakota Police Department.* We affirm.

Appellees are police officers of the City of Aberdeen and are governed by the Aberdeen Civil Service Ordinance. Revised Ordinances of Aberdeen No. 1567, §§ 21–43 through 21–85. SDCL 9–14–15 provides that policemen appointed under a civil service ordinance may be removed only pursuant to the provisions of that ordinance. The Governor, however, maintains that he also has power of removal pursuant to the authority granted in SDCL 3–17–3:

> The Governor shall have power, after notice and hearing, to remove from office any state's attorney, sheriff, or police officer, or any deputy or assistant state's attorney, or deputy sheriff who shall willfully fail, neglect, or refuse to perform any of the duties imposed upon him by, or to enforce any of the provisions of law

---

* An account of the factual background is available in the companion case, *Matter of Ackerson,* 335 N.W.2d 342 (S.D.1983).

relating to intoxicating liquors, or who shall willfully fail, neglect, or refuse to perform any duties imposed upon them by law, or who shall be guilty of intoxication or drunkenness, or who shall be guilty of the violation of any law, or who shall assist or connive in the violation of any law, or who shall be grossly incompetent to perform the duties of his office.

■ There is obviously a conflict between the two statutes. Both are clear and unambiguous. SDCL 3–17–3 was enacted in its present form in 1923. SDCL 9–14–15 became law in 1939. Where conflicting statutes appear, it is the responsibility of the court to give a reasonable construction to both, and to give effect, if possible, to all provisions under consideration, construing them together to make them harmonious and workable. *Welcome Wagon Intern. v. S.D. Dept. of Revenue,* 318 N.W.2d 5 (S.D. 1982); *State v. Hoxeng,* 315 N.W.2d 308 (S.D.1982); *Matter of Sales Tax Refund Applications,* 298 N.W.2d 799 (S.D.1980). Repeal by implication will be indulged only where there is a manifest and total repugnancy. *Id.; Department of Public Safety v. Cronin,* 250 N.W.2d 690 (S.D.1977); *Northwestern Public Serv. v. City of Aberdeen,* 90 S.D. 627, 244 N.W.2d 544 (1976). If, by any reasonable construction, both acts can be reconciled, they should be. *Matter of Sales Tax Refund Applications, supra; State v. Myott,* 246 N.W.2d 786 (S.D.1976).

■ The circuit court avoided a repeal by implication by giving effect to both SDCL 3–17–3 and SDCL 9–14–15, whereby the Governor's authority to remove law enforcement officials was construed as limited to officers not appointed under civil service ordinances. We approve this construction. It reconciles the two statutes, gives the fullest possible effect to each, and allows civil service employees the protection of the system while still providing a civil service procedure through which officers appointed under a civil service ordinance can be terminated when good cause exists.

■ After the instant dispute arose, the 1983 legislature amended SDCL 9–14–15 by including the following language: "Nothing in this section restricts the Governor's authority, pursuant to § 3–17–3, to remove local law enforcement officers, including those appointed under any civil service ordinance." Although there are no principles of construction which prevent using subsequent enactments or amendments as an aid in arrising at the direct meaning of a statute, the legislative adoption of a subsequent amendment is not binding on the court. It is not a controlling retroactive interpretation. *Hot Springs, Etc. v. Fall River Landowners,* 262 N.W.2d 33 (S.D.1978).

Accordingly, the circuit court's disposition of this matter is affirmed.

All the Justices concur.