2000 SD 158

**Gretchen L. FAIRCLOTH, Claimant and Appellee,**

v.

**RAVEN INDUSTRIES, INC., Self–Insurer, Employer and Appellant.**

**No. 21359.**

Supreme Court of South Dakota.

Considered on Briefs Sept. 18, 2000.

Decided Dec. 20, 2000.

---

Philip R. Parent of Arneson, Issenhuth & Gienapp, Madison, SD, Attorneys for claimant and appellee.

Paul T. Barnett of Siegel, Barnett & Schutz, Sioux Falls, SD, Attorneys for self-insurer, employer and appellant.

KONENKAMP, Justice

[¶ 1.] In this workers' compensation appeal, we must decide which of two statutes of limitations applies to a claim. The employer contends that the two-year limitation in SDCL 62–7–35 pertains because the employer gave written notice denying the claim. The employee, on the other hand, contends that the three-year period in SDCL 62–7–35.1 applies because the employer previously provided benefits to the employee. The Department of Labor ruled that the claim was barred under the two-year statute of limitations. On appeal, the circuit court reversed, applying the three-year statute. We conclude that the

two-year statute controls and consequently the employee's claim is barred under SDCL 62–7–35.

## Background

[¶ 2.] The pertinent facts are not in dispute. In 1996, the employee, Gretchen L. Faircloth, was working for Raven Industries, Inc., at its plant in Madison, South Dakota. Raven is a self-insured employer. On July 1, 1996, Faircloth submitted a first report of injury form, declaring an injury to her right upper extremity. After Faircloth filed her claim, Raven began paying workers' compensation benefits. In September, Faircloth underwent an independent medical exam performed by Dr. Chris Tountas, M.D. Tountas informed Raven that, in his opinion, the injury to Faircloth's right upper extremity was not work related. Based on this report, Raven sent Faircloth a notice letter on November 19, 1996:

> [W]e are denying coverage of your claim from November 20, 1996 on, as your current condition did not arise within the scope and course of your employment with Raven Industries (Madison). Medical bills and compensation will be paid through November 20, 1996. Medical bills after November 20, 1996 should be submitted to your personal health insurance for payment.
>
> Should you disagree with our position, you have two (2) years to file a Petition for Hearing before the South Dakota Department of Labor pursuant to SDCL 62–7–12.

Faircloth received this denial within a day or two. The last medical benefit payment made on her behalf was for an October 15, 1996 visit to Dr. Van Demark. That payment was made on January 27, 1997. The last temporary total disability payment made to Faircloth was on November 20, 1996, for the period of November 3 to November 20, 1996.

[¶ 3.] On May 17, 1999, Faircloth filed her petition for hearing. It was filed two and a half years after she received the denial notice from Raven and two years and four months after her last medical benefit payment. Raven asserted that Faircloth's petition was barred under the two-year limitations period in SDCL 62–7–35. For the purpose of deciding the applicable statute, both sides stipulated to the relevant facts and submitted the question for decision. The Department ruled that Faircloth's claim was time barred, applying the limitations period in SDCL 62–7–35.[1] She appealed to the circuit court and it reversed, finding that SDCL 62–7–35.1 was the applicable statute of limitations. We granted Raven's request for an intermediate appeal.

## Analysis and Decision

[¶ 4.] As the facts in this case are undisputed, we have a plain question of statutory interpretation. The construction of workers' compensation statutes and their application to the facts present questions of law reviewable de novo. *Zoss v. Dakota Truck Underwriters*, 1998 SD 23, ¶ 4, 575 N.W.2d 258, 260 (citing *Johnson v. Rapid City Softball Ass'n*, 514 N.W.2d 693, 695 (S.D.1994)); *Vu v. John Morrell & Co.*, 2000 SD 105, ¶ 18, 615 N.W.2d 171, 175. Here, we consider two statutes of limitations: SDCL 62–7–35 and SDCL 62–7–35.1. The question is which one applies.

[¶ 5.] In South Dakota, "[t]he law in effect when the injury occurred governs the rights of the parties." *Vu*, 2000 SD 105, ¶ 20, 615 N.W.2d, 171, 175 (citing *Vaughn v. John Morrell & Co.*, 2000 SD 31, ¶ 13, 606 N.W.2d 919, 922)(further citations omitted). Faircloth's claimed work injury occurred on July 1, 1996. Thus we

---

1. In its findings of fact and conclusions of law, the Department recited the following conclusions of law: "That SDCL § 62–7–35 provides the relevant statute of limitations in the event that written notice of the intention to deny the claim is provided the Claimant and the Department." The Department additionally noted that such a conclusion was warranted based on "the plain meaning and effect" of these two statutes when read together with other enactments relating to the same subject.

must examine the relevant parts of the two statutes as they existed in 1996.

> SDCL 62–7–35: The right to compensation under this title shall be forever barred unless a written request for hearing pursuant to § 62–7–12 is filed by the claimant with the department within two years after the self-insurer or insurer notifies the claimant and the department, in writing, that it intends to deny coverage in whole or in part under this title. If the denial is in part, the bar shall only apply to such part.

> SDCL 62–7–35.1: In any case in which any benefits have been tendered pursuant to this title on account of an injury, any claim for additional compensation shall be barred, unless a claim is filed within three years from the date of the last payment of benefits . . . . [2]

[¶ 6.] Ultimately, the purpose of statutory interpretation is to fulfill the legislative dictate. *See South Dakota Subsequent Injury Fund v. Federated Mut. Ins., Inc.,* 2000 SD 11, ¶ 13, 605 N.W.2d 166, 169 (citations omitted). Intent is ordinarily ascertained by examining the express language of the statute. *Id.* We therefore defer to the text where possible. *Id.* We read statutes as a whole along with the enactments relating to the same subject. *Kayser v. South Dakota State Elec. Comm'n,* 512 N.W.2d 746, 747 (S.D.1994) (citations omitted); *Meyerink v. Northwestern Public Service,* 391 N.W.2d 180, 183 (S.D.1986)(citing *Simpson v. Tobin,* 367 N.W.2d 757, 763 (S.D.1985)). We assume that the Legislature intended that no part of its statutory scheme be rendered mere surplusage. *See* 2A Norman J. Singer, Sutherland Statutory Construction § 46.07, 205 (6th ed.2000).

[¶ 7.] Reading each statute in isolation leads to contradictory conclusions. If SDCL 62–7–35 applies, Faircloth's claim is barred, as her petition for hearing was not filed within two years of the time when Raven notified her that "it intend[ed] to deny coverage in whole or in part . . . ." SDCL 62–7–35. On the other hand, if SDCL 62–7–35.1 applies, Faircloth's claim is timely because that statute provides a three-year limitations period in "any case in which any benefits have been tendered . . . ." SDCL 62–7–35.1 (1996 Supp). Where two statutes appear to conflict, it is our duty to reasonably interpret both, giving "effect, if possible, to all provisions under consideration, construing them together to make them harmonious and workable." *Meyerink,* 391 N.W.2d at 184 (citations omitted); *Zoss,* 1998 SD 23, ¶ 9, 575 N.W.2d at 261 (citations omitted).

[¶ 8.] These statutes can be harmonized. Each addresses a different situation. SDCL 62–7–35 provides the limitations period when an employer gives formal notice that it denies or disputes an employee's claim, in whole or in part. Employers often accept responsibility for one part of a claim and deny responsibility for another. This statute places a two-year limit on claims that are formally denied. Conversely, SDCL 62–7–35.1 furnishes the limitations period when the employer provides the employee with benefits for a period of time, gives no denial notice, and then the matter lies inactive. In the latter circumstance, the employer has at least implicitly validated the employee's claim, and the longer three-year period is warranted because the triggering event under SDCL 62–7–35.1 is simply a cessation of benefits without notice of a dispute.

---

**2.** This section goes on to provide:

However, the time limitation of this section does not apply to claims for medical care or the replacement of medicine, crutches, ambulatory devices, artificial limbs, eyeglasses, contact lenses, hearing aids, and other apparatus, which medical care or apparatus are permanently or indefinitely required as the result of a compensable injury. The provision of such medical care or replacement of such items does not constitute payment of compensation so as to toll the running of the statute of limitations. *See* SDCL 62–7–35.1 (1996 Supp.).

[¶ 9.] Faircloth offers an alternative interpretation. She believes that SDCL 62–7–35 applies only in situations where no benefits have been paid, and SDCL 62–7–35.1 applies whenever any benefits have been paid. Yet to interpret the statutes in this fashion we must construe them in a way that renders part of a statute surplusage. *See Delano v. Petteys*, 520 N.W.2d 606, 609 (S.D.1994) (citations omitted). Under Faircloth's interpretation, the final sentence of SDCL 62–7–35 would be pointless. This sentence explains that where an employer's denial of compensation regards only a part of the claim, the notice will trigger the statute of limitations for only that part. If SDCL 62–7–35.1 were interpreted consistent with Faircloth's position, the statute of limitations would never run on the disputed part of a claim, unless the employer stopped paying benefits on the non-disputed part. We presume that the Legislature in enacting SDCL 62–7–35.1 had in mind its companion § 62–7–35 and would not render a part of it meaningless. *See Meyerink*, 391 N.W.2d at 184 (citing *State v. Feiok*, 364 N.W.2d 536, 539 (S.D. 1985)). To effect legislative intent we are bound to read our statutes sensibly if not literally. Providing expeditious benefits to injured employees, without jeopardizing an employer's right to dispute a claim in part, furthers public policy in workers' compensation. *See Harn v. Continental Lumber Co.*, 506 N.W.2d 91, 95 (S.D.1993) (citations omitted).

[¶ 10.] Faircloth's interpretation cannot be reconciled with the cardinal rule of statutory construction: repeal by implication is strongly disfavored. *Morton v. Mancari et al.*, 417 U.S. 535, 549, 94 S.Ct. 2474, 2482, 41 L.Ed.2d 290, 300 (1974)(citing *Posadas v. National City Bank of New York*, 296 U.S. 497, 503, 56 S.Ct. 349, 352, 80 L.Ed. 351, 355

(1936))(further citations omitted). Judges should refrain from negating a legislative act unless it is demanded by manifest necessity. *See Karlen v. Janklow*, 339 N.W.2d 322, 323 (S.D.1983) (citations omitted); *see also* The Federalist No. 78 (Alexander Hamilton)(absent a repealing clause the judiciary should reconcile statutes unless impracticable). Before judicially implying a repeal, the Legislature's intent to do so must be apparent. *Posadas*, 296 U.S. at 503, 56 S.Ct. at 352, 80 L.Ed. at 355. Faircloth's interpretation would, by implication, repeal the notice provisions of SDCL 62–7–35 by removing an employer's notice of its practical effect. We should not annul these provisions when the two statutes can easily co-exist. *Posadas*, 296 U.S. at 504, 56 S.Ct. at 352, 80 L.Ed. at 355. *See also Karlen*, 339 N.W.2d at 323 (citations omitted).

[¶ 11.] Our interpretation is augmented by the precept that "terms of a statute relating to a particular subject will prevail over general terms in another statute." *Meyerink*, 391 N.W.2d at 184. In arguing for application of the three-year statute of limitations, Faircloth relies heavily on the following language: "In *any* case in which *any* benefits have been tendered . . . ." (emphasis added). *See* SDCL 62–7–35.1. This general language, however, should only be understood as affecting those cases, which are not within the more specific notice provision of SDCL 62–7–35. "In construing a particular ... term in a statute reference will be had to the meaning of the words with which it is associated."*See Andreson v. Brink Elec. Co.*, 1997 SD 104, ¶ 6, 568 N.W.2d 290, 292 (quoting *Kelley v. Duling Enters. Inc.*, 84 S.D. 427, 433, 172 N.W.2d 727, 730 (1969)).[3]

[¶ 12.] Reversed.

---

**3.** In light of our conclusion that SDCL 62–7–35 and SDCL 62–7–35.1 can be harmonized, it is not necessary to reach Faircloth's second argument. In that argument she asserts that where doubt exists on which of two statutes of limitations applies, such doubt should be re-

solved in favor of the longer limitations period. *See Zoss*, 1999 SD 105, ¶ 11, 598 N.W.2d at 553. This rule does not apply where after application of the rules of construction no doubt over the limitations period exists. *Id.*

[¶ 13.] MILLER, Chief Justice, and SABERS and AMUNDSON, Justices, concur.

[¶ 14.] GILBERTSON, Justice, dissents.

GILBERTSON, Justice (dissenting).

[¶ 15.] I would affirm the circuit court. As such, I respectfully dissent. I do so because this Court fails to properly apply several rules of statutory interpretation.

[¶ 16.] When this Court examines workers' compensation statutes, we start with the premise that when ambiguity is found, we liberally construe any ambiguity in favor of the injured claimant. *Steinberg v. S. Dak. Dept. of Military,* 2000 SD 36, ¶ 10 n. 1, 607 N.W.2d 596, 600 n. 1. "Language is ambiguous when it is reasonably capable of being understood in more than one sense." *Estate of Jetter,* 1997 SD 125, ¶ 20, 570 N.W.2d 26, 30–31. The language at issue here is indeed ambiguous, as the two statutes, viewed separately, reach conflicting results, as is acknowledged by the Court. Therefore, we must liberally construe these statutes in favor of the claimant.

[¶ 17.] If SDCL 62–7–35 is applied, Faircloth's claim is precluded by the two-year statute of limitation. However, if SDCL 62–7–35.1 is applied, her claim will survive under the three-year statute of limitation provided therein. It is settled law that "when one of two statutes of limitations may be applicable ... if there is *any* doubt as to which statute applies, such doubt should be resolved in favor of the longer limitation period." *Zoss v. Schaefers,* 1999 SD 105, ¶ 11, 598 N.W.2d 550, 553 (emphasis added). I do not share the majority's certainty that "no doubt over the limitations period exists." When two statutes are ambiguous or conflict, doubt exists. In *Zoss* we found two conflicting statutes of limitations to be ambiguous. Because those statutes could be construed as both allowing and precluding the plaintiff's claim, we found that doubt existed as to which would apply. *Id.* Not-

ing that each party's arguments were equally valid, we applied the longer of the two limitations periods. *Id.* Like the situation in *Zoss,* each party here makes equally valid arguments over construction of these statutes. Therefore, as in *Zoss,* the longer statute of limitation should be applied.

[¶ 18.] In addition, "[w]hen the question is which of two enactments the legislature intended to apply to a particular situation, terms of a statute relating to a particular subject will prevail over the general terms of another statute." *Dahn v. Trownsell,* 1998 SD 36, ¶ 14, 576 N.W.2d 535, 539. While the Court also applies this maxim, it has misapplied it in this instance. While focusing on the use of the term "any" in the phrase "any case in which any benefits have been tendered," the Court improperly isolates it to the exclusion of the balance of the statute. Section 35.1 does not broadly apply to any and every workers' compensation claim. It only applies to those cases where benefits have been paid. Rather, it is section 35 that applies to any and all workers' compensation claims, where all or a portion of the claim for benefits has been denied from the outset of the claim. There is no limiting language in section 35 as exists in 35.1. Therefore, section 35 is the broader, more general of the two provisions, requiring us to apply the more specific terms found in section 35.1.

[¶ 19.] Further support for this conclusion is the principle that when two conflicting statutes pertain to the same subject matter, the more recent enactment prevails as the latest expression of legislative will. *State v. Harris,* 494 N.W.2d 619, 622 (S.D.1993); 2B Norman J. Singer, Sutherland Statutory Construction, § 51.02 at 193–94 (6th ed. 2000). Section 35 was enacted in its present form in 1980. SL 1980, ch. 365, § 3. In contrast, section 35.1 was enacted in 1995. S.L. 1995, ch. 299, §§ 1, 3. The last expression of our legislature provides for a three-year limitation period when benefits have been paid. Because section 35.1 is more recent and more

specific than section 35, the three-year limitation period should apply. *See Ferguson v. Modern Farm Systems, Inc.*, 555 N.E.2d 1379 (Ind.Ct.App.1990) (finding that a product liability statute of limitation governed because it was enacted more recently and had a narrower scope of coverage than the real estate improvement statute of limitation).

[¶ 20.] The Court also adds language to section 35.1. When it harmonizes the two sections, it states that section 35 applies when there has been a formal notice of denial by the employer, while section 35.1 applies when no denial notice is given. I find this distinction unpersuasive, as there is no language in section 35.1 to support this theory. When we apply legislative enactments, we determine intent "from what the legislature said, rather than from what we or others think it should have said." *S.D. Subseq. Injury Fund v. Federated Mut. Ins., Inc.*, 2000 SD 11, ¶ 13, 605 N.W.2d 166, 169. Section 35.1 simply states that "[i]n any case in which any

benefits have been tendered . . . any claim for additional compensation shall be barred, unless a claim is filed within three years from the date of the last payment of benefits." The only triggering event in the statute is that benefits have been paid and have been discontinued. There is no requirement that benefits be denied without notice or without a dispute. To hold otherwise judicially adds language to section 35.1 that was not intended by the legislature.

[¶ 21.] For these reasons, I would apply the three-year statute of limitation found in section 35.1 and allow Faircloth's claim to proceed. Therefore, I respectfully dissent.