SABERS, Justice
(concurring specially).
[¶ 27.] I write specially to point out that the majority opinion is wrong in its analysis of “multiple parties” under SDCL 1-26-31.4 for these reasons:
1) The circuit court found that SDCL 1-26-31.4 only requires a statement of the issues to be filed with the notice of appeal if there are multiple parties involved. The statute provides:
Within ten days after the filing of the notice of appeal as required by 1-26-31, the appellant, if there are multiple parties to the appeal, shall file with the clerk of the circuit court a statement of the issues he intends to present on the appeal and shall serve on the other parties a copy of such statement. If any other party wishes to raise additional issues on appeal, he shall file an additional statement of issues on appeal within ten days after service of the appellant’s statement.
SDCL 1-26-31.4 (emphasis added). The circuit court concluded that the insurer and the employer’s interests were identical; therefore, they were not considered “multiple parties” under SDCL 1-26-31.4. The circuit court was correct.
2) In the context of SDCL 1-26-31.4, the term “multiple parties” means two or more, excluding the appellant. The appellant is not included and cannot be counted because the statute designates when the appellant “shall file a statement of issues.”
3) Furthermore, the appellant cannot be included because the appellant is required to serve “the other parties.” If this statute is interpreted as the majority opinion *635 suggests, there would only be one party to serve in most instances.
4) Therefore, if the employer and insurance company are considered one party, as the majority opinion concedes, because of their identical interest, there are NOT two parties to be served, but one. Supra ¶ 8.
5) Under the majority opinion’s analysis, there would be no reason for the statute in the first place as there are always two parties to an appeal or there is NO appeal. In other words, the majority opinion’s interpretation would require the appellant to always file the statement of issues. The majority opinion’s interpretation essentially omits the phrase “if there are multiple parties to the appeal” from the statute. Under its interpretation, the statute would mean, “the appellant shall [always] file ... a statement of issues .... ” We should not interpret a statute to render part of it meaningless. Peterson v. Burns, 556, 567-68 (citing Faircloth v. Raven Industries, Inc., 2000 SD 158, ¶ 9, 620 N.W.2d 198, 202).