#26078-a-SLZ

**2012 S.D. 13**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

PATRICK KENDALL, SR.,                              Appellant,

    v.

JOHN MORRELL & COMPANY,                    Appellee.


\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE PATRICIA C. RIEPEL
Judge

\* \* \* \*

LEE C. "KIT" MCCAHREN of
Olinger, Lovald, McCahren
 & Reimers, PC
Pierre, South Dakota                              Attorneys for appellant.


MICHAEL S. MCKNIGHT
WILLIAM J. GASSEN III of
Boyce, Greenfield, Pashby
 & Welk, LLP
Sioux Falls, South Dakota                      Attorneys for appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
ON JANUARY 9, 2012

OPINION FILED **02/08/12**

#26078

ZINTER, Justice

[¶1.]		Patrick Kendall, Sr. suffered a work-related injury while working at John Morrell & Co., a self-insured employer. Morrell initially accepted Kendall's workers' compensation claim. Because Kendall later missed a number of physical therapy and doctor's appointments, Morrell sent him a certified letter denying all further workers' compensation benefits relating to the injury. Almost three years later, Kendall filed a petition with the South Dakota Department of Labor (Department) requesting additional benefits for the injury. The Department granted summary judgment in favor of Morrell, concluding that the petition was barred by the statute of limitations. The circuit court affirmed. Kendall appeals. We affirm.

*Facts and Procedural History*

[¶2.]		On October 16, 2007, Kendall suffered a work-related injury at Morrell when a cart rolled off a ledge and hit his right foot and ankle. Dr. Jerry J. Blow diagnosed a type of complex regional pain syndrome (CRPS) called reflex sympathetic dystrophy (RSD) involving the right leg. Morrell initially accepted Kendall's work-related injury as compensable and began paying benefits.

[¶3.]		However, on January 11, 2008, Morrell sent Kendall a certified letter denying all further workers' compensation benefits relating to the injury. Morrell alleged misconduct and asserted that Kendall failed to follow his doctor's recommended course of treatment, which included physical therapy and continued doctor's appointments. The letter advised that if Kendall disagreed with Morrell's decision, he had a right to contest the decision before the Department – provided

-1-

that he file a petition for hearing with the Department within two years.[1]  Morrell also sent a copy of the letter to the Department.

[¶4.]     On September 22, 2009, almost two years after the injury, Dr. Blow examined Kendall again.  Dr. Blow indicated that Kendall's RSD appeared to have run its course and Kendall was at maximum medical improvement.  Dr. Blow also indicated that Kendall was then experiencing a new condition resulting from a shortened plantar fascia.  Dr. Blow opined that Kendall's then-existing condition was caused by noncompliance with the previously ordered medical treatment.

---

1.     The letter stated:

> South Dakota's Workers['] Compensation Law provides that an injury caused by an employee's willful misconduct is not compensable (SDCL 62-4-37).  Willful misconduct can include failure to follow the doctor's recommended course of treatment.  If an injury is aggravated or extended in time by the employee's neglect or disobedience of his doctor's instructions, it is not compensable as to that aggravation or additional time period. . . .
>
> We believe that your neglect here, with regard to attending doctor and therapy appointments, and following treatment recommendations, amounts to willful misconduct.  You have missed several physical therapy appointments, and at least two doctor's appointments, including your last appointment scheduled for 1/9/08.  Under these circumstances we are denying all further claims for worker[s'] compensation benefits related to this injury.
>
> If you disagree with this decision you have a right to a hearing before the South Dakota Department of Labor, provided a written request is submitted to the Department within two years of this date, in accordance with SDCL 62-7-12. . . .

[¶5.]    On October 28, 2009, Morrell notified Kendall of Dr. Blow's medical opinion. Morrell also notified Kendall that Morrell was standing by its January 11, 2008 letter denying additional benefits for the October 2007 injury.

[¶6.]    On November 3, 2010, Kendall filed a petition with the Department for permanent or total disability benefits relating to the October 2007 injury. He contended that he continued to suffer RSD as a result of the injury. Morrell moved for summary judgment because Kendall's petition was filed more than two years after Morrell's January 11, 2008 written denial. The Department granted summary judgment, concluding that SDCL 62-7-35, a two-year statute of limitations, barred Kendall's claim.[2] The circuit court affirmed.

*Decision*

[¶7.]    The facts in this case are not in dispute. We review the Department's conclusions of law de novo. *Jewett v. Real Tuff, Inc.*, 2011 S.D. 33, ¶ 22, 800 N.W.2d 345, 350. We also review statutory construction de novo. *Nine, Inc. v. City of Brookings*, 2011 S.D. 16, ¶ 8, 797 N.W.2d 73, 75.

[¶8.]    A claimant's right to workers' compensation is barred if the claimant does not file a written petition for hearing within two years of the date the "self-insurer or insurer notifies the claimant and the [D]epartment, in writing, that it

---

2.    The Department also ruled that a longer three-year statute of limitations in SDCL 62-7-35.1 was not applicable because "the triggering event under SDCL 62-7-35.1 is simply a cessation of benefits without notice of a dispute." (quoting *Faircloth v. Raven Indus., Inc.*, 2000 S.D. 158, ¶ 8, 620 N.W.2d 198, 201). The Department correctly concluded that, because Morrell issued a formal written notice stating its intention to deny further benefits rather than ceasing benefits without notice, the three-year statute of limitations did not apply. *See id.*

intends to deny coverage in whole or in part." SDCL 62-7-35.[3]  Kendall, however, argues that his claim was not barred under this statute because the January 11, 2008 letter was too ambiguous to notify him that Morrell was denying his claim that he suffered RSD as a result of the work-related injury.  Kendall further contends that Morrell's letter was insufficient to start the running of the statute of limitations because the letter was not based upon a doctor's medical opinion that missing appointments and physical therapy caused or aggravated his RSD.  *Cf. Faircloth v. Raven Indus., Inc.*, 2000 S.D. 158, ¶¶ 2, 8, 620 N.W.2d 198, 200-01 (holding employer's denial notice, which was based upon a doctor's medical opinion disputing causation of the employee's medical condition, triggered the statute of limitations in SDCL 62-7-35).

[¶9.]        We conclude that the letter of January 2008 was not ambiguous.  The letter unequivocally stated that Morrell was "denying all further claims for worker[s'] compensation benefits related to th[e] injury."  The letter left no doubt that Morrell was denying coverage for any additional benefits related to the October 2007 injury unless Kendall filed a petition with the Department.  We also conclude that a doctor's medical opinion is not necessary to start the running of the statute of limitations.  Although there was a medical opinion supporting the termination of

---

3.      SDCL 62-7-35 provides:

> The right to compensation under this title shall be forever barred unless a written petition for hearing pursuant to § 62-7-12 is filed by the claimant with the department within two years after the self-insurer or insurer notifies the claimant and the department, in writing, that it intends to deny coverage in whole or in part under this title.  If the denial is in part, the bar shall only apply to such part.

benefits in *Faircloth*, that case does not require that a letter giving notice of intent to terminate benefits must be supported by a doctor's medical opinion before the statute of limitations begins to run. There is no language in SDCL 62-7-35 or *Faircloth* supporting Kendall's argument.

[¶10.] Kendall also raises a number of arguments on the merits, asserting that the underlying statutory basis for the January 11, 2008 termination of benefits was not satisfied. More specifically, Kendall points out that the employer has the burden of proof regarding misconduct. *See* SDCL 62-4-37.[4] Kendall argues that absent Morrell's proof of misconduct under SDCL 62-4-37, the statute of limitations in SDCL 62-7-35 does not apply. We disagree. Proof of misconduct is a requirement of SDCL 62-4-37 that need be established only if a worker asserts a timely claim. Because all of Kendall's claims for benefits were procedurally barred by the statute of limitations in SDCL 62-7-35, Morrell was not required to prove misconduct under SDCL 62-4-37.

---

4. SDCL 62-4-37 (2007) provided in part:

> No compensation shall be allowed for any injury or death due to the employee's willful misconduct . . . . The burden of proof under this section shall be on the defendant employer.

Under SDCL 62-4-37, no compensation is allowed for an injury caused by a claimant's willful misconduct, including a claimant's willful disregard of his physician's advice. *Fenner v. Trimac Transp., Inc.*, 1996 S.D. 121, 554 N.W.2d 485, *overruled on other grounds by Holscher v. Valley Queen Cheese Factory*, 2006 S.D. 35, ¶ 48 n.2, 713 N.W.2d 555, 568 n.2.

[¶11.] Kendall also raises merits arguments under SDCL 62-4-43.[5] Kendall points out that SDCL 62-4-43 only authorizes benefit *modifications* for *aggravations of work injuries* if the aggravation was caused by the employee's failure to follow reasonable medical treatment. Therefore, Kendall argues that even though Morrell alleged that he failed to follow reasonable medical treatment, his benefits could be modified but not terminated. Kendall further argues any alleged failure to follow medical treatment did not cause an aggravation of his work injury. Kendall contends that his RSD was caused by the original injury. Kendall finally argues that SDCL 62-4-43 only gives "the Department" the authority to suspend, reduce, or limit compensation. Kendall contends that SDCL 62-4-43 does not give an employer or insurer the right to unilaterally modify benefits.

[¶12.] We find no merit in Kendall's arguments. We first observe SDCL 62-7-35 does not require "the Department" to make a modification decision under SDCL 62-4-43 before SDCL 62-7-35 (the statute of limitations) applies. On the contrary, SDCL 62-7-35 provides that all claims are barred unless a petition for hearing is filed within two years of the time the "self-insurer or insurer notifies the claimant and the [D]epartment, in writing, that it intends to deny coverage in whole or in part under this title." Therefore, the statute of limitations runs from the self-

---

5. SDCL 62-4-43 (2007) provided in part:

> If the injured employee unreasonably refuses or neglects to avail himself of medical or surgical treatment, the employer is not liable for an *aggravation of such injury* due to such refusal and neglect and *the Department of Labor may suspend, reduce or limit the compensation otherwise payable*.

(Emphasis added.)

insurer's or insurer's written notice of intent to deny benefits, rather than from the Department's determination after hearing.

[¶13.]     We finally conclude that because Kendall did not file a timely petition for hearing with the Department, he is barred from arguing that his current condition is not an aggravation of his work injury caused by the failure to follow medical treatment and that SDCL 62-4-43 allows modifications but not terminations of benefits.  Again, these are merits arguments relating to compliance with SDCL 62-4-43.  Such arguments may only be asserted by a claimant who files a timely claim.  Because Kendall did not file a timely claim for additional compensation, he was procedurally barred from raising any merits arguments under SDCL 62-4-43.

[¶14.]     We affirm the Department and circuit court's conclusion that Kendall's petition for benefits was barred by the statute of limitations.

[¶15.]     GILBERTSON, Chief Justice, KONENKAMP, SEVERSON, and WILBUR, Justices, concur.