KONENKAMP, Justice.
[¶ 1.] A father petitioned to modify his child support obligation, requesting that his future payments be reduced to account for overpayments he made after his two eldest sons graduated from high school and reached the age of majority. Concluding that this request would result in a retroactive modification of child support in violation of SDCL 25-7-7.3, the referee denied any reduction for amounts overpaid before the petition was filed. The circuit court adopted the referee’s report.
Background
[¶ 2.] Nicole and Douglas Heumiller divorced on April 8, 2010. Incorporated into their judgment and decree of divorce was a stipulation and agreement addressing, among other things, Douglas’s duty to pay child support for their three children. They agreed that Douglas “will pay to [Nicole] for the support and maintenance of the parties [sic] minor children $1,238.36 per month payable on the first day of every month.... ” The agreement further provided:
said support shall continue until such child dies, is adopted, is emancipated or reaches the age of majority, whichever shall occur first. The parties understand that pursuant to South Dakota law, a minor child shall reach the age of majority on his/her 18th birthday or on the day following his/her final day as a full-time secondary student, whichever shall occur later, except that in no even [sic] shall the child support obligation continue past the 19th birthday of the minor child.
[¶ 3.] On September 20, 2011, Douglas petitioned for a modification of his child support obligation because his two older children had reached the age of majority and finished their final days as full-time secondary students. The oldest child had graduated from high school and reached the age of majority in May 2010. The second child had graduated from high school in May 2011, at eighteen years old. Because his eldest child reached the age of majority over a year earlier, and Douglas continued to pay the full child support amount for all three children, Douglas requested that the court reduce his future child support obligation for his youngest child to account for his overpayments.
[¶ 4.] After a hearing, the child support referee reduced Douglas’s future child support obligation to $699 per month. But the referee refused to further reduce Douglas’s obligation to account for the child support Douglas overpaid from May 2010. The referee relied on SDCL 25-7-7.3, which provides that “[a]ny past due support payments are not subject to modification ..., except those accruing in any period in which there is a pending petition for modification of the support obligation .... ” The referee ruled that Douglas’s request for a future reduction to account for past overpayments was in effect a retroactive modification of past due support payments.
[¶ 5.] On appeal to the circuit court, Douglas argued that SDCL 25-7-7.3 did not apply to him because he owed no “past due” support. The circuit court ruled “that SDCL 25-7-7.3 does not apply only to cases in which there is past due support owing. It applies to any past due support payments without regard to whether those payments were made.” It adopted the referee’s proposed findings of fact and conclusions of law.
[¶ 6.] Douglas now appeals, asserting that the circuit court should have modified his current support obligation to account for the overpayment of his past child sup *850 port. Because the question in this case requires our interpretation of SDCL 25-7-7.3, our review is de novo. See Arneson v. Arneson, 2003 S.D. 125, ¶27, 670 N.W.2d 904, 914.
Analysis and Decision
[¶ 7.] Douglas asserts that SDCL 25-7-7.3 does not foreclose the reduction of his current support obligation to account for his overpayment of child support from May 2010, because none of those payments were “past due.” According to Douglas, “past due” means that the payment was unpaid. See SDCL 25-7-7.4 (an “unpaid” support payment becomes a judgment). He likens overpaid child support payments to overpaid child care expenses. See Juttelstad v. Juttelstad, 1998 S.D. 121, ¶ 17, 587 N.W.2d 447, 451. He also argues that the parties’ stipulation created a binding contract requiring a reduction of his obligation “when the two children graduated at 18.”
[¶ 8.] Although we have consistently held that past child support payments are not subject to modification “except those accruing in any period in which there is a pending petition for modification of the support obligation,” we have not specifically addressed whether SDCL 25-7-7.3 encompasses both paid and unpaid support obligations. The plain language of SDCL 25-7-7.3, however, shows that whether the support is paid or unpaid is immaterial. Our inquiry is whether the obligation has accrued. To conclude otherwise would require us to isolate the phrase “past due support payments” from the rest of SDCL 25-7-7.3. See Faircloth v. Raven Indus., Inc., 2000 S.D. 158, ¶¶ 6-7, 620 N.W.2d 198, 201 (we interpret the words of the whole statute rather than phrases or words in isolation).
[¶ 9.] SDCL 25-7-7.3 provides that “past due support payments are” not subject to modification “except those accruing in any period in which there is pending a petition for modification of the support obligationf.]” (Emphasis added.) Standing alone, “past due support payments” does not lend itself to the conclusion that only unpaid support obligations were contemplated by the Legislature. Indeed, if we, like the special concurrence, isolate the phrase “past due support payments” from the rest of the statute the result would be illogical. First, a “past due support payment” is a “payment,” which is logically something that has been paid. But how can a “past due support payment” be “past due” if it is paid? Second, the use of the word “accruing,” albeit in an exception, indicates that the Legislature was focused on accrual. Had the payment status of the obligation been the focus, the Legislature could have easily said “except those (past due support payments) made in any period” a modification petition is pending.
[¶ 10.] We cannot interpret the words “payments” and “past due” apart from “accruing.” And resorting to legislative history is unnecessary; the words of the statute are unambiguous. See Bertelsen v. Allstate Ins. Co., 2009 S.D. 21, ¶ 15, 764 N.W.2d 495, 500. When the language is clear, this Court does not review legislative history. Id. The Legislature used the word “accruing,” and used that word in reference to “past due support payments.” Further, if we interpret “past due support payments” to mean only unpaid support obligations, then only those same (unpaid) obligations are available for retroactive modification when a petition for modification is pending. Paid support obligations, on the other hand, would be excluded under SDCL 25-7-7.3, even if made while a petition for modification was pending.
[¶ 11.] Focusing on the accrual date of the support obligation, rather than its paid or unpaid status, gives meaning to *851 the statute as a whole. Under the plain meaning of the statute, past due support payments (paid or unpaid) cannot be retroactively modified unless that past due support payment (paid or unpaid) accrued prior to a pending modification petition. That the Legislature intended SDCL 25-7-7.3 to encompass unpaid and paid support obligations is evident in the Legislature’s use of the word “unpaid” in SDCL 25-7-7.4 and SDCL 25-7-7.5, “arrearag-es” in SDCL 25-7-6.19, and accrued “past due support payments” in SDCL 25-7-7.3. In SDCL 25-7-7.4, the Legislature declared that “[a]ny payment or installment of support ... which is unpaid after the date it is due, is a judgment by operation of law.” (Emphasis added.) See also SDCL 25-7-7.5. Then in SDCL 25-7-7.6, the Legislature used the phrase “unpaid child support arrearages.” Certainly, “past due support payments” means something different than “unpaid child support arrearages.” See special concurrence ¶ 23 (using the phrase “unpaid child support arrearages”). SDCL 25-7-7.3, however, does not limit itself to only “unpaid” obligations or arrearages.
[¶ 12.] Our past cases, while not on point, further buttress the notion that the accrual date of the support obligation is controlling. See Vellinga v. Vellinga, 442 N.W.2d 472, 474 (S.D.1989); see also Houser v. Houser, 535 N.W.2d 882, 886 (S.D.1995); Earley v. Earley, 484 N.W.2d 125, 129 (S.D.1992) (retroactive increase of an accrued support obligation prohibited). In Vellinga, we identified two types of past due payments under SDCL 25-7-7.3:(l) payments that accrue after petitioning for modification, and (2) payments that accrue before petitioning for modification.[1] 442 N.W.2d at 474. Of these two types, only those payments that “accrue while a petition for modification is pending may be modified, but only from the date that notice of hearing has been given to the obli-gee and any other interested parties.” Id. (emphasis added).
[¶ 13.] Similarly, in O’Grady v. O’Grady, we focused on the accrual date of the past support payments, not whether they were paid or unpaid, in holding that past due support payments could not be retroactively modified. See 1998 S.D. 89, ¶ 17, 582 N.W.2d 707, 711. While O’Grady addressed retroactive modification of past paid support obligations, the case is not on point because the father also owed arrear-ages for past unpaid support, and we did not distinguish between the paid and unpaid obligations.[2] Nonetheless, in concluding that the circuit court erred, we held that SDCL 25-7-7.3 only allows modifica *852 tion of payments that accrue after the date of the petition.
[¶ 14.] In this case, Douglas did not petition for modification of his support obligation until September 9, 2011. Therefore, the payments he made before the date he gave notice of his petition fell squarely under the purview of SDCL 25-7-7.3: they accrued in a period during which there was no pending petition for a modification. Further, the fact that he was under no duty to support his children beyond the age of eighteen, or nineteen if still in high school, does not mean Douglas is entitled to a credit or offset for amounts paid after his children turned eighteen or nineteen. Indeed, nothing in SDCL 25-5-18.1 mandates automatic reduction of a support order. Compare SDCL 25-5-18.1 with La.Rev.Stat. § 9:315.22(B) (ordering automatic cessation of support obligation when youngest child attains age of majority). Rather, Douglas, as the support pay- or, had the duty to seek modification each time one of his children reached the age of majority. See, e.g., Vanderbosch v. Vanderbosch, 950 N.E.2d 32 (Ind.Ct.App.2011) (table) (no credit given when father overpaid by $13,000, after he neglected to request termination of an automatic withdraw for arrearages); Anderson v. Anderson, 2012 WL 1759423 (Conn.Super.Ct.2012) (unpublished). The circuit court did not err when it interpreted SDCL 25-7-7.3 to prohibit retroactive reduction of Douglas’s future support obligation to account for his overpayments.
[¶ 15.] Moreover, in the parties’ stipulation, there was no agreement for any credit or offset. Nothing in the stipulation identifies a set rate of child support for each child. Thus any payments made before the date Douglas gave notice to the interested parties of his petition for a modification “inure[d] to the benefit of the remaining children.” See O’Grady, 1998 S.D. 89, ¶ 15, 582 N.W.2d at 710. Finally, child support payments cannot be equated with child care expenses. “Child care expenses are not a part of the basic child support obligation, but only a factor for deviation from the schedule.” Juttelstad, 1998 S.D. 121, ¶ 17, 587 N.W.2d at 451.
[¶ 16.] Nicole and Douglas both requested appellate attorney’s fees. In determining whether either side should be required to pay the other’s attorney’s fees, we consider “the property owned by each party, their relative incomes, the liquidity of the assets and whether either party unreasonably increased the time spent on the case.” Barnes v. Matzner, 2003 S.D. 42, ¶ 24, 661 N.W.2d 372, 379 (citation omitted). Considering these factors, we deny Douglas’s request and grant Nicole’s in the amount of $2,833.38.
[¶ 17.] Affirmed.
[¶ 18.] GILBERTSON, Chief Justice, and SEVERSON and WILBUR, Justices, concur.
[¶ 19.] ZINTER, Justice, concurs in result.

. Although Vellinga dealt with whether SDCL 25-7-7.3 could be applied retroactively, the Court did not bar only the retroactive modification of support obligations that accrued before the passage of the statute, but also those that accrued between July and September 1987, the time the statute was in effect, but before a petition for modification was pending.

. In 1993, the father was ordered to pay $519 for the support of his four children:
From January 1993 until April 1994, he paid the full obligation.
From May 1994 until March 1995, he unilaterally reduced his obligation to $284.50, and thus incurred arrearages.
From April 1995 until September 1996, he paid the full obligation, $519 monthly.
In August 1996, the father petitioned the court for modification of his support obligation because two of his four children reached the age of majority and had graduated from high school (one in April 1994 and the other in July 1994). He further requested that the amounts he overpaid after his children reached majority be applied to reduce his arrearages. The court modified Father’s obligation, and further reduced his arrearages to account for the amounts he overpaid after July 1994.
O’Grady, 1998 S.D. 89, ¶¶ 5-8, 582 N.W.2d at 708-09.