#27060-a-LSW

**2015 S.D. 23**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

SARAH J. WISEMAN,                                    Plaintiff and Appellant,

    v.

CHARLES D. WISEMAN,                          Defendant and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE SUSAN M. SABERS
Judge

* * * *

RICHARD L. JOHNSON
Sioux Falls, South Dakota                    Attorney for plaintiff
                                             and appellant.


CHRIS MCCLURE of
Swier Law Firm, Prof. LLC
Sioux Falls, South Dakota

        and

KAREN L. CREW of
Crew & Crew, PC
Sioux Falls, South Dakota                    Attorneys for defendant
                                             and appellee.

* * * *

CONSIDERED ON BRIEFS
ON JANUARY 12, 2015
OPINION FILED **04/22/15**

WILBUR, Justice

[¶1.]     Sarah Wiseman appeals the circuit court's ruling that Charles Wiseman's past due child support payments were not retroactively modifiable prior to May 2012.  The circuit court denied Sarah's claim pursuant to SDCL 25-7-7.3, which prohibits retroactive modification of past due child support.  We affirm.

*Facts and Procedural History*

[¶2.]     On November 17, 2008, the circuit court entered an order for child support wherein Charles would pay Sarah $2,140 per month for the benefit of the parties' three minor children.  In July 2009, Charles petitioned the circuit court to modify the amount because he claimed his income had changed.  The child support referee assigned to the case found that Charles earned $40,000 annually or $3,333.33 per month from his company.  In the referee's proposed findings of fact and conclusions of law filed on October 29, 2009, the referee stated, "No other company earnings are attributed to [Charles] at this time."  The referee also said, "In the event the 2009 year-end [company] numbers show profit, [child] support will be recalculated at a future date to incorporate accurate 2009 figures, effective October 1, 2009."  Finally, the referee's proposed order provided, "[C]hild support in this case may be modified retroactive to October 1, 2009, if future financial information from Charles Wiseman indicates that his income for the year of 2009 exceeded $40,000."  The circuit court, the Honorable William J. Srstka, Jr. presiding, adopted the referee's order on January 4, 2010, which lowered Charles's child support obligation from $2,140 to $1,132 per month and incorporated the referee's findings of fact and conclusions of law, including the retroactivity provision.  The circuit court's order pronounced, "This [o]rder shall amend and

modify only the amount of the current child support obligation and shall not modify, amend, or otherwise affect any other provision of any prior judgment or [o]rder entered by any court or administrative agency."

[¶3.]    On May 10, 2012, Sarah petitioned the circuit court, the Honorable Susan M. Sabers presiding, for a modification of child support. The same child support referee was assigned, and on December 17, 2012, the referee again filed findings of fact and conclusions of law. The referee found that the circumstances of the parties had changed due to changes in their incomes. The referee stated in her findings, "The [2009] order in this case includes an opportunity to modify the child support effective October 1, 2009. This was [Sarah's] request, due to the inaccuracies in [Charles's] income testimony at [the] previous [2009] hearings." Sarah brought new information before the referee indicating that Charles had sold a house in 2009 for $103,000 more than what he had testified to at the 2009 hearing.[1]  Because Charles's income was greater than the $40,000 he had testified to in 2009 and the previous child support order contained a retroactivity provision, the referee ordered Charles to pay $2,140 per month starting October 1, 2009. Thus, the referee effectively ordered Charles to pay Sarah an additional $1,008 in child support per month since October 2009.

[¶4.]    Charles filed an objection with the circuit court on the grounds that the referee's order constituted an impermissible retroactive child support modification in violation of SDCL 25-7-7.3. The circuit court held a hearing on January 28, 2013.

---

1.    Charles disputed Sarah's assertion that he made much more than $40,000. Charles's accountant testified that Charles's salary was only $33,415 and his income was $43,545 in 2009.

The court remanded the case to the referee "with a request that [the referee] review the extent of the retroactive modification, with supporting statutes and case law, and reconsider the date upon which the modification can be effective." On remand, the referee again held that Charles's child support was modifiable back to October 1, 2009, because the 2009 order contained a retroactivity provision. Charles again objected, and the circuit court held another hearing on December 19, 2013. The circuit court, per Judge Sabers, agreed with Charles and held the previous child support obligation could not be retroactively modified all the way back to October 2009, but only to when the current petition for modification was filed in May 2012. The circuit court's order reversed the referee's decision and provided, "The [r]eferee's opinion as to Charles'[s] arrearages since May 2012 in the amount of $13,542.00 through December 2013 is affirmed. Any arrearages claimed prior to May 2012 are hereby denied pursuant to SDCL 25-7-7.3 as there was no [p]etition for child support modification pending prior to May 2012." Sarah appeals.

[¶5.]     She raises one issue in this appeal:

> Whether the circuit court erred when it denied Sarah's petition to retroactively modify Charles's child support obligation pursuant to SDCL 25-7-7.3.

*Standard of Review*

[¶6.]     Sarah asks this Court to examine the circuit court's application and interpretation of SDCL 25-7-7.3; we, therefore, review this case de novo. *Heumiller v. Heumiller*, 2012 S.D. 68, ¶ 6, 821 N.W.2d 847, 850. We review the circuit court's findings of fact under the clearly erroneous standard of review. *Brosnan v. Brosnan*, 2013 S.D. 81, ¶ 13, 840 N.W.2d 240, 246.

*Analysis and Decision*

[¶7.]        Sarah argues on appeal that the circuit court erred when it held that

Charles's past due child support obligation could not be modified pursuant to SDCL

25-7-7.3.  Sarah argues the retroactive-modification provision in the 2009 order left

the child support payments "pending" (i.e., the payments had not yet accrued) until

it was proven that Charles's income was $40,000 or more.  Sarah also posits that if

a circuit court's order explicitly provides for an opportunity to retroactively modify

child support payments, the circuit court is properly exercising its authority, and

SDCL 25-7-7.3 does not prohibit modification.  Sarah reasons that it would be poor

public policy to allow a parent to misrepresent his or her income in order to pay less

child support, especially when the opposing party can prove that the parent

misrepresented his or her income.

[¶8.]        SDCL 25-7-7.3 prohibits retroactive modification of past due child

support.  It provides:

> Any past due support payments are not subject to modification
> by a court or administrative entity of this state, except those
> accruing in any period in which there is pending a petition for
> modification of the support obligation, but only from the date
> that notice of hearing of the petition has been given to the
> obligee, the obligor, and any other parties having an interest in
> such matter.

SDCL 25-7-7.3 (2004).[2]  The statute plainly prohibits the court from modifying child

support payments except for "past due payments which accrue after notice of

---

2.    In 2013, the Legislature amended SDCL 25-7-7.3 to substitute "past due
      support payments" with "previously ordered support payments that have
      become due, whether paid or unpaid[.]"  2013 S.D. Sess. Laws ch. 119, § 3.
      The period of time relevant to this appeal is from October 2009 through the
      end of April 2012, so the amended version of SDCL 25-7-7.3 is not pertinent.

hearing is given to the obligee [and any other interested parties]." *Vellinga v. Vellinga*, 442 N.W.2d 472, 474 (S.D. 1989). "*Any* other past due support payments are not subject to modification." *Id.*

[¶9.] In *Heumiller*, we construed the phrase "past due support payments" in the context of SDCL 25-7-7.3 and SDCL Title 25. 2012 S.D. 68, ¶¶ 7-16, 821 N.W.2d at 850-52. We said, "We cannot interpret the words 'payments' and 'past due' apart from 'accruing.' And resorting to legislative history is unnecessary; the words of the statute are unambiguous." *Id.* ¶ 10, 821 N.W.2d at 850. We reaffirmed our holding from *Vellinga*:

> In *Vellinga*, we identified two types of past due payments under SDCL 25-7-7.3: (1) payments that *accrue* after petitioning for modification, and (2) payments that *accrue* before petitioning for modification. Of these two types, only those payments that "*accrue* while a petition for modification is pending may be modified, but only from the date that notice of hearing has been given to the obligee and any other interested parties."

*Id.* ¶ 12, 821 N.W.2d at 851 (quoting *Vellinga*, 442 N.W.2d at 474) (footnote omitted) (citations omitted).[3] Sarah reasons that because the circuit court's order left open the possibility for modification (i.e., the child support remained pending), Charles's child support payments had not yet "accrued" within the meaning of SDCL 25-7-7.3. We disagree.

[¶10.] Child support payments accrue "when the revenue or liability arises[.]" *Heumiller*, 2012 S.D. 68, ¶ 25, 821 N.W.2d at 853 (citing *Black's Law Dictionary* 22 (9th ed. 2009)) (Zinter, J., concurring). The circuit court ordered Charles to pay

---

3. We note that the 2013 amendment to SDCL 25-7-7.3, while not implicated in these proceedings, confirms our statutory interpretation in *Heumiller* and *Vellinga*. *See* 2013 S.D. Sess. Laws ch. 119, § 3.

$1,132 in child support per month starting in October 2009. The payments ceased to be pending when the circuit court signed and entered its order on January 4, 2010. The order became final on January 4, 2010, and any payments that accrued following the order could not be retroactively modified. Charles had an obligation to pay $1,132 per month in child support. Thus, Charles's support payments had "accrued" because his obligation to pay them had already arisen every month following the final order. From October 2009 until May 2012, there was no notice of hearing pending before the circuit court or the child support referee. It was not until May 10, 2012, that Sarah petitioned the circuit court for a hearing to modify child support and brought evidence alleging Charles made more than $40,000 in 2009. Therefore, it was only those payments that accrued after May 2012 that could be modified by the court.

[¶11.]     While the referee and the circuit court may have meant for the retroactivity provision to have prospective effect at the time it was made and then relate back to past due support payments, such an order is inconsistent with SDCL 25-7-7.3. SDCL 25-7-7.3 expressly limits the court's power to retroactively modify child support. It may only retroactively modify child support payments that accrue during the "period in which there is pending a petition for modification of the support obligation[.]" Essentially, Sarah would have us carve out another exception to SDCL 25-7-7.3 that allows retroactive modification when the circuit court includes a retroactivity provision in its order or when a parent misrepresents his or her income. While there may be sound policy reasons for making such an exception, "[w]e are not lawmakers nor policy makers[;] [t]hat function is quite appropriately reserved to the [L]egislature under our [C]onstitution." *Lather v. Huron College,*

413 N.W.2d 369, 372 (S.D. 1987) (citing S.D. Const. art. III, § 1). Courts are not at liberty to legislate under the guise of exercising their powers of statutory construction. *McFarland v. Keenan*, 77 S.D. 39, 47, 84 N.W.2d 884, 888 (1957). If the Legislature wishes to create another exception to SDCL 25-7-7.3, it certainly has the authority to do so. However, we will not create another exception without clear legislative direction.

[¶12.]     We, therefore, affirm the circuit court's ruling that Charles's past due payments are not retroactively modifiable prior to May 2012.

[¶13.]     GILBERTSON, Chief Justice, SEVERSON, Justice, and KONENKAMP, Retired Justice, concur.

[¶14.]     ZINTER, Justice, concurs in result.

[¶15.]     KERN, Justice, not having been a member of the Court at the time this action was assigned to the Court, did not participate.

ZINTER, Justice (concurring in result).

[¶16.]     Today's Court relies on *Heumiller*'s interpretation of SDCL 25-7-7.3 as it was in 2012, the statute prohibiting retroactive modification of "*past due* support payments." 2012 S.D. 68, ¶¶ 8-13, 821 N.W.2d 847, 850-52 (emphasis added). I cannot join today's opinion because *Heumiller* judicially substituted the words "past due support payments" in SDCL 25-7-7.3 (2004) with the words "accrued obligations." *See Heumiller*, 2012 S.D. 68, ¶ 24, 821 N.W.2d at 853 (Zinter, J., concurring in result).

[¶17.]     SDCL 25-7-7.3 (2004) prohibited the retroactive modification of certain "past due support payments." The majority in *Heumiller* concluded that even if a

-7-

support payment was fully paid when due, it was a "past due" payment, and therefore it was not subject to modification because the obligation had "accrued." *See id.* ¶ 8, 821 N.W.2d at 850. However, that view was not supported by the previous text of the statute.

> It is illogical . . . to interpret the statute such that an accrued obligation that is fully paid when due is a "past due payment" under SDCL 25-7-7.3. Not one of us would agree with the Court's interpretation of "past due payments" in any other context. Imagine if another creditor, such as a bank or utility company, claimed that even though you had fully paid your monthly mortgage payment or utility bill when it was due, the "payment" was "past due."

*Id.* ¶ 21, 821 N.W.2d at 853 (Zinter, J., concurring in result). "The plain, ordinary, and everyday meaning of the words 'past due payments' is that the payments [are] not fully paid when due, such that there are arrearages." *Id.* ¶ 22. Thus, *Heumiller* was wrongly decided. The Legislature's need to enact the 2013 amendment adopting the *Heumiller* majority's change in the text of the statute demonstrates the point.[4]

[¶18.]    In this case, Charles had no "past due" support payments (arrearages) in 2012. Therefore, SDCL 25-7-7.3 (2004) did not prohibit the retroactive modification of Charles's 2009–2012 monthly support payments to comply with the terms of the 2009 order. But the referee and the circuit court were bound to follow the majority opinion in *Heumiller*. Under that opinion, the relevant inquiry was not whether Charles had "past due support payments," the operative language in SDCL

---

4.    As today's Court acknowledges, the 2013 Legislature amended SDCL 25-7-7.3 to "substitute" the language "past due support payments" with new language prohibiting retroactive modification of "previously ordered support payments that have become due, whether paid or unpaid[.]" *See supra* n.2 (quoting 2013 S.D. Sess. Laws ch. 119, § 3).

25-7-7.3 (2004), but whether he had "accrued obligations."  And Charles's

obligations had accrued.  Therefore, under the controlling opinion in *Heumiller*, the

circuit court did not err in holding that Charles's 2009–2012 "accrued obligations"

were not subject to retroactive modification.