ZINTER, Justice
(concurring in result).
[¶ 16.] Today’s Court relies on Heumiller’s interpretation of SDCL 25-7-7.3 as it was in 2012, the statute prohibiting retroactive modification of “past due support payments.” 2012 S.D. 68, ¶¶8-13, 821 N.W.2d 847, 850-52 (emphasis added). I cannot join today’s opinion because Heumiller judicially substituted the words “past due support payments” in SDCL 25-7-7.3 (2004) with the words “accrued obligations.” See Heumiller, 2012 S.D. 68, ¶ 24, 821 N.W.2d at 853 (Zinter, J., concurring in result).
[¶ 17.] SDCL 25-7-7.3 (2004) prohibited the retroactive modification of certain “past due support payments.” The majority in Heumiller concluded that even if a support payment was fully paid when due, it was a “past due” payment, and therefore it was not subject to modification because the obligation had “accrued.” See id. ¶ 8, 821 N.W.2d at 850. However, that view was not supported by the previous text of the statute.
It is illogical ... to interpret the statute such that an accrued obligation that is fully paid when due is a “past due payment” under SDCL 25-7-7.3. Not one of us would agree with the Court’s interpretation of “past due payments” in any other context. Imagine if another creditor, such as a bank or utility company, claimed that even though you had fully paid your monthly mortgage payment or utility bill when it was due, the “payment” was “past due.”
Id. ¶ 21, 821 N.W.2d at 853 (Zinter, J., concurring in result). “The plain, ordinary, and everyday meaning of the words ‘past due payments’ is that the payments [are] not fully paid when due, such that there are arrearages.” Id. ¶ 22. Thus, Heumiller was wrongly decided. The Legislature’s need to enact the 2013 amendment adopting the Heumiller majority’s change in the text of the statute demonstrates the point.[4]
[¶ 18.] In this case, Charles had no “past due” support payments (arrearages) in 2012. Therefore, SDCL 25-7-7.3 (2004) did not prohibit the retroactive modification of Charles’s 2009-2012 monthly support payments to comply with the terms of the 2009 order. But the referee and the circuit court were bound to follow the majority opinion in Heumiller. Under that opinion, the relevant inquiry was not whether Charles had “past due support payments,” the operative language in SDCL 25-7-7.3 (2004), but whether he had “accrued obligations.” And Charles’s obli *248 gations had accrued. Therefore, under the controlling opinion in Heumiller, the circuit' court did not err in holding that Charles’s 2009-2012 “accrued obligations” were not subject to retroactive modification.

. As today's Court acknowledges, the 2013 Legislature amended SDCL 25-7-7.3 to "substitute” the language "past due support payments” with new language prohibiting retroactive modification of "previously ordered support payments that have become due, whether paid or unpaid[.]” See supra n. 2 (quoting 2013 S.D. Sess. Laws ch. 119, § 3).