*362 WILBUR, Justice
(dissenting).
[¶ 12.] I respectfully dissent because I disagree that Section 2(E) is a grandfather provision. The majority opinion interprets Section 2(E) only in reference to 2(D). When Section 2(E) is read in conjunction with Ordinance 4 as a whole, Section 2(E) does not exempt Thornberrys’ building. See City of Marion v. Schoenwald, 2001 S.D. 95, ¶ 12, 631 N.W.2d 213, 218 (we read enactments as a whole) (citing Faircloth v. Raven Indus., Inc., 2000 S.D. 158, ¶ 6, 620 N.W.2d 198, 201).
[¶ 13.] Ordinance 4 regulates:
the use of public and private sewers and drains, private wastewater disposal, the installation and connection of building sewers, and the discharge of waters and wastes into the public sewer system .:'. in the' Brant Lake Sanitary District[.] Section 1 defines certain terms. Section 2 is entitled, “Use of Public Sewers Required.” The first three provisions describe what conduct is "illegal in regard to wastewater and sewage deposits and discharge on public and private property. The fourth provision, Section 2(D), provides that:
[t]he owner of all houses, buildings or properties used for human occupancy, employment, recreation, or other purposes, situated within the District is hereby required at the owner’s expense to install suitable toilet and sanitation facilities therein, and to connect such facilities directly with the proper public sewer in accordance with the provisions of this ordinance within sixty (60) days after the date of official notice to do so.
(Emphasis added.) Section 2(E) exempts “existing houses, buildings or properties not currently required to be connected to the public sewer system of the District.”
[¶ 14.] The question in this case is whether Thornberrys’ building is “not currently required to be connected to the public sewer system of the District.” (Emphasis added.) The majority opinion does not identify why Thornberrys’ building is exempt under Section 2(E). Yes, Thornberrys’ building is not currently (actually) connected to the public sewer system. But that does not perforce mean Thornberrys’ building is not currently required to connect.
[¶ 15.] A review of Ordinance 4 as a whole indicates that buildings not required to be connected are those without a connection available. Under Section 3(A), “[w]here a public sanitary or combined sewer is not available under the provisions of Section 2-D, the building” must connect “to a private wastewater disposal system complying with the provisions of this article.” This case is not about whether Thornberrys’ “porta-potty” is a private wastewater disposal system because, here, it is undisputed that a public sewer connection is available. However, even if Thornberrys had a qualifying private wastewater disposal system, Section 3(E) mandates that “[a]t such time as a public sewer becomes available to a property served by a private wastewater disposal system, as provided in Section 2, a direct connection shall be made to the public sewer within 60 days in compliance with this ordinance]].]”
[¶ 16.] The plain language of Ordinance 4 supports that Section 2(E) excludes the owners of a house, building, etc. from the mandates of Section 2(D) when a public sewer connection is not available. See Ordinance No. 4, Section 3(A). Here, a connection to a public sewer system is available to Thornberrys’ building and Brant Lake Sanitary District gave Thornberrys official notice that they must connect their facilities to the available public sewer line within sixty days. Because Thornberrys failed to comply with Ordinance 4, specifically Section 2(D), I would hold that the *363 cireuit court erred when it granted Thornberrys summary judgment.